<hr />

# THE PEOPLE, for the use of Arthur Foster,

### *v.*

## JOHN GRAY.

72   343
30a  216
72   343
63a  114
72   343
166  351
72   343
69a  677

1. PRACTICE—*time to object to evidence.* The objection that the record of
a judgment of the county court, offered in evidence, does not show a con-
vening order of court, can not be made for the first time in this court.

2. ADMISSIONS—*by failure to plead in full.* All the material averments
in a declaration, not denied or controverted by plea, are admitted.

3. Hence, in a suit upon an administrator's bond, for the failure of the
administrator to pay a judgment rendered against the estate, in due course
of administration, a plea that the plaintiff's claim was not exhibited within
two years after the granting of administration, does not put in issue the exist-
ence of the judgment, and the plaintiff is not required to make proof of
such judgment.

4. JUDGMENT OF COUNTY COURT. When a judgment rendered by a county
court for the payment, in due course of administration, of a claim exhibited
against an estate, does not provide for its payment from assets of the estate
not then inventoried, the presumption is, the claim was exhibited within two
years from the time of granting letters of administration.

5. SAME—*presumption in favor of validity.* When the county court
is adjudicating upon the administration of estates, over which it has a general
jurisdiction, as liberal intendments will be granted in its favor as would
be extended to the proceedings of the circuit court, and it is not necessary
that all the facts and circumstances which justify its action shall affirma-
tively appear upon the face of its proceedings.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the plaintiff in error.

Mr. SILAS L. BRYAN, and Mr. JOHN B. KAGY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of debt, brought by appellant against appellee and his sureties, upon the official bond of appellee, as administrator of the estate of James H. Nichols, deceased.

It is averred in the declaration, that within two years from the granting of letters of administration, appellant exhibited a claim for the sum of $150 against the estate, to John H. Gray as administrator, which claim was allowed by the county court of Marion county, and judgment rendered in favor of appellant, against the estate, on, to-wit: the 19th day of February, 1872, for the amount of the claim, to be paid by the administrator as a debt of the fourth class; that John H. Gray, the administrator, has not paid in due course of administration, or any part thereof, though often requested so to do; that Gray has received the assets of the estate, and has sold and disposed of the same, and received and wasted the proceeds, and has failed and refused to pay appellant.

To the declaration two pleas were filed, upon which issue was taken: first, *non est factum;* second, that the said Arthur Foster did not exhibit his said claim against the estate of James H. Nichols within two years next from the date of said letters of administration.

Appellant, upon the trial of the cause, read in evidence the bond of the administrator, also the record of the county court, which read as follows:

"STATE OF ILLINOIS, ⎱          County Court Record, February
 *Marion County.* ⎰                    Term, 1872.

"In the matter of the estate of James A. Nichols, deceased. John H. Gray, administrator.   Adjustment.

"And now, at this day, to-wit: Monday, February 19, 1872, comes John H. Gray, administrator aforesaid; comes, also, Arthur Foster, and presents a claim against said estate in the sum of $150, and now, the allegations of the parties being heard and considered by the court, it is ordered that said claim be allowed, classed and paid, as follows: claim of Arthur Foster, 4th class, $150."

The defendant admitted he had received sufficient assets of the estate of James A. Nichols to pay all claims allowed against the estate, and that he still had assets enough in his hands, belonging to the estate, to pay the claim of Arthur Foster.

The court, on motion of appellee, excluded from the jury the record showing the allowance in the county court of appellant's claim, and the jury returned a verdict in favor of appellee. A motion was entered for a new trial, which the court overruled, and rendered judgment upon the verdict.

The only ground upon which appellee objected to the record of the county court, as shown by the bill of exceptions, was on account of a variance between the judgment as shown by the record and the judgment set out in the declaration.

It is averred in the declaration that appellant exhibited a claim of $150 against the estate, which was allowed by the county court, and judgment rendered in favor of appellant, against the estate, for the amount of the claim, to be paid by the administrator, in due course of administration, as a debt of the fourth class.

The county court record shows the appearance of the administrator and the claimant; that appellant presented a claim against the estate of $150; that the allegations of the parties were heard and considered, and the court ordered that the claim be allowed, and classed and paid as follows: "Claim of Arthur Foster, fourth class, $150." The pleader, by the declaration, did not profess to set out the judgment *in hæc verba*, but only according to its legal effect, and, upon a careful examination, we fail to perceive any substantial variance between the judgment as averred in the declaration and the one contained in the county court record; nor are we able to

appreciate the force of the criticism made by the counsel of appellee upon the validity of this judgment.

While it is true the judgment is not as formal as it might be, yet it appears upon the face of the record that the county court had jurisdiction of the parties and subject matter; that, upon hearing the proof, judgment was entered in favor of the claimant for a definite sum of money, classed as required by the statute, and ordered paid as classed. This, we must regard as a substantial compliance with the statute, and it was error for the court to exclude the record of the judgment from the jury. It is, however, insisted by appellee, in his brief, that the county court record introduced in evidence does not show a convening order of court, and for that reason, if none other, it was properly excluded. A sufficient answer to this position is, no such objection was taken to the record when it was introduced in evidence, or when it was excluded at the request of appellee. Had that objection then been made, appellant could, no doubt, have shown by the record a proper convening order; but be that as it may, it is too late to raise the objection for the first time in this court.

But, aside from the error of excluding the record of the judgment from the jury, the judgment in the circuit court can not be permitted to stand, for the reason that it is clearly contrary to the evidence. Under the issue formed, it was not incumbent upon appellant to show a judgment. All material averments in the declaration not denied or controverted by plea were admitted. Appellee did not deny by plea the rendition of a judgment in the county court in favor of appellant. The issue he tendered was, that the claim was not exhibited within two years next from the grant of letters of administration.

It was, then, a fact, uncontroverted before the jury, as averred in the declaration, that, on the 19th day of February, 1872, appellant obtained a judgment in the county court, against the estate of James A. Nichols, deceased, for the sum of $150, as a debt of the fourth class, to be paid in due course of administration.

Whether the claim was, in fact, exhibited within two years, was, so far as the decision of this case was concerned, entirely immaterial. As the judgment in the county court did not provide for the payment of the claim from assets of the estate not then inventoried, we must presume it was exhibited within two years. Had it not been, a different judgment, under the statute, would have been rendered.

Whether the decision of the county court was right or wrong, can not be inquired into here. The county court is a court of general jurisdiction, of unlimited extent, over a particular class of subjects, and, when acting within that sphere, its jurisdiction is as general as that of the circuit court. When, therefore, it is adjudicating upon the administration of estates, over which it has a general jurisdiction, as liberal intendments will be granted in its favor as would be extended to the proceedings of the circuit court, and it is not necessary that all the facts and circumstances which justify its action shall affirmatively appear upon the face of its proceedings. *Propst* v. *Meadows*, 13 Ill. 168; *Mitchell* v. *Mayo*, 16 ib. 83.

The judgment rendered in the county court was, therefore, conclusive of the fact that the claim had been exhibited within two years from the grant of letters of administration.

The judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*