OAKEY, ADM'R, v. RITCHIE.

1. **Conveyance**: IMBECILITY: UNDUE INFLUENCE: FRAUD: EQUITY. The acts and contracts of persons who are of weak understanding, and who are thereby liable to imposition, will be held void, if the nature of the act or contract justifies the conclusion that the party has not exercised a deliberate judgment, but that he has been imposed upon, circumvented, or overcome by cunning or artifice or undue influence. On this principle, the conveyance from plaintiff's intestate to defendant is set aside.

*Appeal from Adams District Court.*

FRIDAY, JUNE 11.

ON the seventeenth day of July, 1882, A. B. Fisher, plaintiff's intestate, executed two deeds, by which he conveyed to defendant a farm consisting of forty five acres. He subsequently instituted this suit in equity for the cancellation of said deeds, on the alleged grounds that they were executed without consideration, and that they were obtained by fraud and undue influence. During the pendency of the action Fisher died, and his administrator was substituted as plaintiff. The district court entered judgment for plaintiff, granting the relief demanded, from which defendant appealed.

*Guthrie & Maley*, for appellant.

*Maxwell & Dale*, for appellee.

REED, J.—The questions involved in the case are chiefly of fact, and there is great conflict in the evidence offered by the parties in support of their respective theories. It is claimed by plaintiff that Fisher was of weak mind, and that for some time before the execution of the conveyances in question he had been greatly harassed and troubled by a number of petty lawsuits in which he was involved; and that during

these troubles defendant, although not a lawyer, was his principal adviser; and that he had acquired great influence over him.   On the day before that on which the conveyances were executed, defendant went to see Fisher, who was then working on a farm some five miles distant from defendant's place of residence, and the parties then had a conversation with reference to the conveyance of the property.   Fisher accompanied defendant to his home, where he remained during the night, and on the following morning he executed the deeds, and delivered them to defendant.   It is claimed by plaintiff that in the interview at the farm defendant represented to Fisher that some of the parties with whom he was having trouble were about to institute legal proceedings by which the property was liable to be taken from him, and that unless he made some disposition of it he would lose all of his property; and advised him to convey the farm in question to him, promising at the time that he would re-convey the property to Fisher after the trouble should be settled; and that Fisher was induced, by these representations and promises, to execute the conveyances, and that he received no consideration therefor.   Defendant's claim is that the transaction was a *bona fide* purchase by him of the premises, and that he paid a fair and adequate consideration for the property.

As a rule, it is neither practicable nor profitable, in this class of cases, to set out in the opinion the evidence on which our conclusions are based.   This is true in the present case. We shall therefore content ourselves with a statement of the ultimate facts which we find established by the evidence.

We are satisfied, in the first place, that defendant did not pay a consideration for the property.   We are also convinced that defendant had acquired a great influence over Fisher, who was a man of weak intellect, and that he was induced to execute the conveyance by the representations and promises alleged by plaintiff, and that the representations were false, and were made by defendant for the purpose of playing upon Fisher's fears, and inducing him to convey the property to

him. Upon this state of facts, there can be no doubt, we think, that the representatives of Fisher are entitled to a decree canceling the conveyances. It would be inequitable and unjust to permit defendant to retain the property. Courts of equity have long recognized and enforced the rule "that the acts and contracts of persons who are of weak understandings, and who are thereby liable to imposition, will be held void, if the nature of the act or contract justifies the conclusion that the party has not exercised a deliberate judgment, but that he has been imposed upon, circumvented, or overcome by cunning or artifice or undue influence." Story, Eq. Jur., §§ 238, 239, 234, 265; *Whelan v. Whelan*, 3 Cow., 537; *Harding v. Handy*, 11 Wheat., 103. The facts of this case bring it clearly within the operation of this rule.

The judgment of the district court will be

AFFIRMED.