## SAC COUNTY v. HOBBS ET AL.

1. **Promissory Note**: IN LIEU OF COUNTY TREASURER'S BOND: CONSIDERATION. Where the county treasurer was a defaulter, and was in debt to the county, his term of office having expired, a promissory note made payable to the treasurer of the county, and delivered to him, upon an agreement with the supervisors that no action should be begun on the official bond of the defaulting treasurer, was supported by a good consideration.

2. ———: ———: POWER OF SUPERVISORS TO ACCEPT. The board of supervisors of a county may, under the general authority given them by §§ 303 and 917 of the Code, accept a promissory note in lieu of the official bond of a defaulting treasurer.

3. ———: ———: PARTIES TO AGREEMENT: PRESUMPTION. An allegation that a promissory note was delivered to the county treasurer upon an agreement that it should take the place of the late treasurer's official bond, he being a defaulter, will be understood as an averment that such agreement was made with the board of supervisors, the only party competent to enter into it on behalf of the county.

4. **Pleading**: WANT OF CONSIDERATION: LEGAL CONCLUSION. A paragraph in an answer pleading a want of consideration for the note sued on, without stating the facts, is properly stricken out as being a mere legal conclusion.

5. ———: CONCLUSION FROM PLEA OF ADVERSE PARTY. Where a fact appearing on the face of the petition is claimed to defeat the right to recover, the legal point should be raised by demurrer, and a restatement of such fact in the answer, with the pleader's legal conclusion therefrom, is properly stricken out: the restatement of the fact, because it is mere surplusage; and the legal conclusion, because it is a conclusion.

6. **Statute of Limitations**: PROMISSORY NOTE IN LIEU OF COUNTY TREASURER'S BOND. Conceding that an action by the county upon the

bond of a defaulting county treasurer, or for the enforcement of the implied undertaking of the treasurer to account for the money which may come into his hands as such, is barred in three years, under subd. 3 of § 2529 of the Code, that statute has no application to a promissory note taken by the county in lieu of the bond, for then the original debt is merged in the note, and the action is on the note as such.' (*Keokuk Co. v. Howard*, 41 Iowa, 11, distinguished.)

### *Appeal from Sac Circuit Court.*

SATURDAY, JUNE 18.

ACTION on a promissory note which, by its terms, is payable " to the treasurer of Sac county." It is alleged in the petition that said note was given for the use and benefit of the county. The circuit court sustained a demurrer to one count or division of the answer. It also struck out, on plaintiff's motion, three other counts or divisions, and from these orders defendants appeal.

*Goldsmith & Hart*, for appellants.

*W. A. Helsell*, for appellee.

REED, J.—I. The division of the answer demurred to is as follows: " The only and sole consideration received by these defendants for the written instrument sued upon was that defendant W. H. Hobbs, then the outgoing treasurer of plaintiff, at the expiration of his term of office, delivered said writing to his successor in office, with the understanding and agreement that no action should be commenced upon his official bond for any breach thereof by reason of his having failed to account for money collected and received by him in his official capacity, and that it should be received and accounted for as further security, and as taking the place of his official bond, which should be released and canceled, and no action brought thereon for the money so collected and received."

The grounds of the demurrer are, in effect, that the receipt by Hobbs of the moneys of the county, and his failure to

pay the same over, which are impliedly admitted in the answer, and the release of his official bond, constitute a consideration for the promise contained in the writing; and the acceptance of the undertaking expressed in the note, in lieu of the official bond of the treasurer, was a matter within the discretion and power of the officers of the county who were charged with the duty of managing its financial affairs. The questions arising, then, on this branch of the case, are (1) whether the promise of the defendants is supported by a consideration; and (2) whether the transaction in which the note was given was lawful.

As to the first question there can be no doubt. Hobbs was a defaulter. He had received into his possession, in his official capacity, the moneys of the county, which he had failed to pay over or account for. These facts are not expressly averred in the division of the answer in question, it is true, but the fair inference from its averments is that they were the real facts of the transaction. He was indebted to the county, then, and it could have maintained on action at once for the enforcement of its claim against him. But it forebore to sue, and accepted the promise of the defendants to pay the debt at a future time. Unless some fact existed which had the effect to take the transaction out of the operation of the rules of law applicable to similar transactions between ordinary parties, these facts afford a valid consideration for the agreement. Is such fact shown by the averments of the answer? We think not. The bond of the treasurer is a security to the county for the moneys which may come into his hands, and it ordinarily has an adequate remedy for any defalcation by an action on the bond. But that remedy is not exclusive, and it often happens that the interests of the county are better protected by pursuing some other course. The board of supervisors are clothed with discretion in the matter, and it is competent for them, after a defalcation has

1. PROMISSORY note in lieu of county treasurer's bond: consideration.

2. ——: ——: power of supervisors to accept.

occurred, to take other security than that afforded by the
bond, and even to extend the time of payment, if the inter-
est of the county will thereby be better protected.   True,
such power is not conferred by any express provision of the
statute, but it is included in the general power to examine
and settle the accounts of the receipts and expenditures of
the county, and to settle with the treasurer, conferred by
sections 303, 917, of the Code.

Counsel for appellants have argued this branch of the case
on the theory that the agreement alleged in the answer was
entered into between Hobbs and his successor in
office; and they contend that, inasmuch as the
latter had no authority to bind the county by the
agreement, it was under no, obligation to forego suing
upon the bond, and consequently there was no mutu-
ality in the agreement.   But that is not the averment of the
answer.   It is alleged simply that the instrument sued on
was delivered to the incoming treasurer upon an agreement
that it should take the place of the bond, and that suit should
not be brought upon the latter.   It is not alleged with whom
that agreement was made.   The court below properly assumed
that it was made with the board of supervisors, as no other
officer of the county had any authority to treat with Hobbs
on the subject.

II.   One of the paragraphs of the answer, which was
stricken out by the district court, is as follows:   " The writing
or contract upon which this action is brought is
void, for that it was executed and delivered with-
out any consideration whatever."   Whether the
contract is supported by a valid consideration
depends upon the circumstances under which it was executed,
and the purposes which the parties had in view when they
entered into it. . The allegation that it was without consid-
eration is the mere statement of a conclusion.   Under our
system of pleading, the facts upon which a right of action or
defense is based are required to be stated in the pleadings.

3. ——: ——:
parties to
agreement:
presumption.

4. PLEADING:
want of con-
sideration :
legal conclu-
sion.

Sac County v. Hobbs et al.

This is required in order that the court and the opposite party may be advised of the real nature of the claim or defense relied upon. And it is not permissible for a party to plead mere conclusions. The paragraph was properly stricken from the answer.

III. Another division of the answer which was stricken out alleged that the contract sued on was void for the reason

5. ——: conclusion from plea of adverse party. that no certain person to whom the payment was to be made was named therein. A copy of the instrument sued on was set out in the petition, and the fact upon which this averment is based, viz., that the payment was to be made to the treasurer of Sac county, appeared upon its face. But this is not an allegation of fact. It is the statement merely of a legal conclusion from a fact which was shown by the pleading of the adverse party, and the question sought to be raised upon it might have been raised by demurrer. It was not necessary to again plead that fact in the answer, and the allegation was properly stricken out as surplusage.

IV. The instrument sued on was executed April 9, 1879; Hobbs' term of office having expired on the first of the pre-

6. STATUTE of limitations: promissory note in lieu of county treasurer's bond, ceding January. The action was commenced in April, 1886. In a division of the answer, which was stricken out, it was alleged that the cause of action was barred by the statute of limitations; the position being that the action is for the recovery of money collected by the treasurer, and not paid over, and that it is barred in three years, under subdivision 3 of section 2529 of the Code. The question presented would more properly have been raised by demurrer to the answer. But the manner of raising it is immaterial, perhaps; at least, no point has been raised as to the manner in which it was made. It is true that the indebtedness accrued originally for money collected by the treasurer, which he failed to pay over, and the object sought to be attained by the action is the collection of the debt. But the parties, after the indebtedness

accrued, made it a subject of contract. Prior to the making of that contract the liability of Hobbs and his sureties was on the official bond, and perhaps an action could have been maintained against him on an implied undertaking by him to account for the money; but when the new contract was entered into his liability was on that. The bond was satisfied, and an action could not have been maintained upon it. The debt was merger in the new agreement. The action is for the enforcement of that agreement. It is the cause of action, within the meaning of the statute of limitations. The subdivision relied on has reference to actions upon the bond, or for the enforcement of the implied undertaking of the officer to account for the money which may come into his hands, and it does not apply to a contract or security taken by the county for its own protection after a defalcation has occurred.

The case of *Keokuk Co. v. Howard*, 41 Iowa, 11, relied on by counsel, is not in point. No new agreement had then been entered into, but the action was on an official bond.

We think the ruling of the circuit court is right, and it will be                                                    AFFIRMED.