[No. 13697.   Department One. — January 27, 1892.]

## MIRANDA WELLER, RESPONDENT, v. HARVEY DICKINSON ET AL., APPELLANTS.

ACTION UPON JUDGMENT OF SUPERIOR COURT — PLEADING — RECOVERY OF JUDGMENT. — A complaint in an action based upon a judgment rendered by a court of general jurisdiction, which alleges that the "plaintiff recovered a judgment" in such court, sufficiently pleads the judgment. It is not necessary, in such case, either to set out the jurisdictional facts or to allege that the judgment was duly given and made.

ID. — CONSTRUCTION OF CODE — JUDGMENT DULY GIVEN AND MADE. — Section 456 of the Code of Civil Procedure, providing that a judgment of a court may be pleaded by stating that such judgment "was duly given and made," has no reference to judgments of courts of general jurisdiction, but only to judgments of courts of special jurisdiction.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*A. N. Drown,* and *H. H. Lowenthal,* for Appellants.

*D. William Douthitt,* for Respondent.

GAROUTTE, J. — The complaint substantially states that " section 23 of ordinance No. 1587 as amended by order No. 1923 of the city and county of San Francisco, provides: ' No person shall, within the limits of the city and county of San Francisco, explode any blast or use powder or other explosive material for the purpose of blasting, unless he shall have first filed in the office of the clerk of the board of supervisors a good and sufficient bond, with two sureties, in the sum of twenty thousand dollars that he will pay all damages occasioned thereby, and that said sureties are jointly and severally bound to pay any judgment which may be awarded in any of the courts of the city and county against said city and county, or against the person exploding such blasts, by reason of any damage resulting therefrom,' etc. In pursuance of such ordinance, one Tibbals filed his bond, with the defendants as sureties thereon.. Upon May 18, 1889, plaintiff recovered a judgment in department No. 4 of the superior court of the city and county of San Francisco, for the sum of $331.33, against Lizzie Tibbals, as executrix of the last will and testament of said Tibbals, deceased, on account of damages sustained to plaintiff's property by the blasting of said Tibbals; that said judgment is unsatisfied and said estate is insolvent."

It will be seen that this is an action against the sureties upon the bond given by Tibbals to the city and county, to recover the amount of the judgment rendered in the action against Lizzie Tibbals, as executrix, and is based upon that provision of the bond wherein defendants bound themselves to pay all judgments against the said Tibbals for damages caused as already stated. A

special demurrer was interposed to the complaint, which was overruled; defendants failed to answer, and judgment was entered as prayed for. This is an appeal from the judgment, and the only question involved is as to the sufficiency of the complaint. The basis of plaintiff's cause of action was the fact that she had obtained a judgment against Lizzie Tibbals as executrix of the estate of J. S. Tibbals, deceased. Does she sufficiently plead that judgment? We think the allegation sufficient, and that section 456 of the Code of Civil Procedure, providing that a judgment of a court may be pleaded by stating that such judgment "was duly given or made," has no reference to the judgments of courts of general jurisdiction. Section 59 of the former Practice Act, pertaining to the same subject-matter, was limited in terms to the judgments of courts of special jurisdiction. In transposing the provision to the code, the limitation is omitted, presumably because entirely unnecessary. The object of the section was not to place limitations and restrictions upon the manner of pleading judgments, but the intent of the legislative mind in formulating the provision was to simplify the manner of pleading judgments, by eliminating the necessity of setting out the jurisdictional facts upon which the judgments were based, — a task which in many cases demanded great care and labor. The words of the section itself directly indicate that such was the object and intent of the legislature; for the section says: "In pleading a judgment . . . . it is not necessary to state the facts conferring jurisdiction," etc., the section thus referring very clearly to that character of judgments which, prior to the enactment of the provision, were required to be pleaded by setting out the jurisdictional facts. The object of the law being to simplify the pleading of a judgment by dispensing with the necessity of a showing of the jurisdictional facts, and the law, prior to the enactment of the section, not requiring the pleading of a judgment of a court of general jurisdiction to include the jurisdictional facts, the necessity of the provision as to such judgments was not pres-

ent, and it is apparent that the section has no reference to the judgments of courts of general jurisdiction. Mr. Freeman, in his work on Judgments, sec. 452, says: "From the well-known rule that courts of superior or general jurisdiction are presumed to act by right and within the authority conferred upon them by law, it follows that their judgments and decrees are, in all cases, of at least *prima facie* validity. In asserting such a judgment or decree as a cause of action or as a ground of defense, the plaintiff need state no jurisdictional facts"; and in referring to certain cases he says: "But in so far as these cases indicate that it is essential to aver anything whatever to show the jurisdiction of courts of record, they are not sustained by the authorities."

We see no defects in the complaint.

Let the judgment be affirmed.

PATERSON, J., and HARRISON, J., concurred.