LEVI BENNETT, GUARDIAN, APPELLEE, V. EZRA BENNETT, APPELLANT.*

FILED JULY 1, 1902. NO. 12,083.

Commissioner's opinion, Department No. 2.

1. **Plaintiff**: DESCRIPTIO PERSONÆ: ALLEGATIONS: PRESUMPTION. A plaintiff who describes himself as guardian of another, will be taken to sue in his representative and not in his personal capacity, where the allegations of the petition and the nature of the action show clearly that such was his intent, notwithstanding the petition nowhere says expressly that he sues "as guardian."

2. **Judgment**: PRESUMPTION: SUIT ON JUDGMENT: ALLEGATIONS OF PETITION. The judgment of a court of general jurisdiction, is presumed to be regular and valid. Hence, in pleading such a judgment, it is enough to allege its rendition, the court by which it was rendered, and, if not a court of whose jurisdiction judicial notice is taken, that it is one of general jurisdiction, without setting forth in detail the facts whereby jurisdiction was acquired in the particular case.

3. **Courts of Special Jurisdiction.** Section 127, Code of Civil Procedure, applies only to courts or tribunals of special jurisdiction.

4. **County Court**: GENERAL JURISDICTION. The county courts of this state are courts of general jurisdiction as to all matters of probate, settlement of estates and guardianship.

5. **Suit by Guardian**: JOINING WARD. A guardian appointed under section 14, chapter 34, Compiled Statutes, who sues to cancel a prior conveyance by the ward, need not join the ward as a party plaintiff.

6. **Leave of Court.** Leave of the court which appointed the guardian, is not necessary to enable him to bring such a suit.

7. **Evidence**: ALLEGATIONS OF PETITION: CONSTRUCTION. Evidence having been adduced in support of the allegations of a petition

*Rehearing allowed. Reaffirmed. See opinion on page 441.

without objection, and judgment having been rendered thereon, the pleading will be construed liberally, and mere lack of definiteness or precision in allegations of essential facts will not be considered, so long as such allegations are not wholly wanting.

8. **Suit to Cancel Conveyance: SENILITY: FRAUD: PETITION.** In a suit to cancel a conveyance by an old man alleged to have been of weak mind, allegations that the defendant represented that the grantor's son and son-in-law were conspiring to defraud him of his land; that they were intending to bring an action against him and would be able to procure a judgment by false evidence, and cause the land to be sold to satisfy it unless conveyed to the defendant; that the defendant promised to hold the land in trust and reconvey it; that such representations were false; that the conveyance was without consideration; and that it was procured by said false representations in consequence of the extreme old age, mental weakness and childishness of the grantor,—state a cause of action.

9. **Petition: WANT OF CONSIDERATION: ALLEGATION.** In view of the other allegations as to the nature and circumstances of the conveyance, the allegation that it "was without consideration" sufficiently states a fact, and is not open to objection. *Sac County v. Hobbs*, 72 Ia., 69, 33 N. W. Rep., 368, distinguished.

10. **Mental Weakness.** Although mental weakness may fall short of entire incompetency to transact business, if it is taken advantage of to procure a conveyance by inequitable means, the conveyance may be set aside.

11. ———: **COURT OF EQUITY.** A court of equity will scrutinize jealously a transaction as to which there is ground for holding that influence has been acquired over a person of weak mind, and has been abused.

12. **Burden of Proof.** The circumstances under which a conveyance was made, the condition of the grantor at the time, and the injustice to him and his heirs if it is upheld, may be such as to cast upon the grantee the burden of showing that it is untainted with undue influence, imposition, or fraud, but is the intelligent and deliberate act of the grantor.

APPEAL from the district court for Boyd county. Heard below before HARRINGTON, J. *Affirmed.*

*William V. Allen, Willis E. Reed, D. A. Harrington* and *W. T. Wills,* for appellant.

*A. H. Tingle* and *Michael F. Harrington, contra.*

35

POUND, C.

In June, 1899, Emery W. Tuttle, at that time some 82 years old, conveyed his farm of 160 acres, which was substantially all the property he owned, to his brother-in-law, Ezra Bennett. In November following, Levi Bennett was appointed guardian of said Emery W. Tuttle by the county court of Boyd county, and afterwards brought this suit to set aside the conveyance. A decree was rendered in accordance with the prayer of the petition, from which this appeal is prosecuted.

A considerable portion of the argument on behalf of appellant has been directed to the sufficiency of the petition. In the title plaintiff describes himself as "Levi Bennett, guardian of Emery W. Tuttle," and he does not state anywhere in the petition expressly that he sues "as guardian." For this reason and because the words "guardian of Emery W. Tuttle" might, in strictness, be treated as *descriptio personæ* only, it is urged that this suit is brought by Levi Bennett in his personal and not in his representative capacity, and is not maintainable. But so long as the plaintiff describes himself as guardian, alleges his appointment as such, and by the allegations of the petition and nature of the action, shows clearly an intent to sue in his representative capacity, we may fairly so construe his pleading, notwithstanding his failure to say expressly that he sues as guardian. *Williams v. Eikenbary,* 36 Nebr., 478.

It is further objected that the petition fails to allege that Levi Bennett was duly appointed guardian, and sets up no facts showing that the county court acquired any jurisdiction to make the appointment. The judgment of a court of general jurisdiction is presumed to be regular and valid. Hence in pleading such a judgment it is enough to allege the parties, its rendition and the date thereof, the court by which it was rendered, and, if not a court of whose jurisdiction judicial notice is taken, that it is one of general jurisdiction, without setting forth in

detail the facts whereby jurisdiction was acquired in the particular case. *Weller v. Dickinson*, 93 Cal., 108, 28 Pac. Rep., 854; *Kunze v. Kunze*, 94 Wis., 54, 68 N. W. Rep., 391; *Scanlan v. Murphy*, 51 Minn., 536, 53 N. W. Rep., 799; *City of Hammond v. Evans*, 23 Ind. App., 501, 55 N. E. Rep., 784; *Nicholas v. Farwell*, 24 Nebr., 180, 187; *Holt County Bank v. Holt County*, 53 Nebr., 827. Section 127, Code of Civil Procedure, by its terms applies only to courts or tribunals of special jurisdiction. Similar provisions in the codes of other states are so construed. *Weller v. Dickinson, supra;·People v. Bacon*, 37 App. Div. [N. Y.], 414. In consequence, it is unnecessary to plead that a judgment was duly recovered, where rendered by a court of general jurisdiction. As to all matters of probate, settlement of estates and guardianship, the county courts of this state are courts of general jurisdiction. They alone have original jurisdiction over those subjects, and their jurisdiction thereof is general. *People v. Gray*, 72 Ill., 343; *Epping v. Robinson*, 21 Fla., 36; *Guilford v. Love*, 49 Tex., 715; *Glade v. White*, 42 Nebr., 336.

Exception is taken also because the ward is not joined as a party plaintiff, and because there is no allegation or proof that the county court which appointed the guardian has given leave to bring this suit. The former point is contended for on the ground of the rule of equity pleading that a trustee must join his *cestui que trust* as plaintiff. But we think there is no ground for such a contention in this state, in view of section 32, Code of Civil Procedure, and the long-settled course of practice thereunder. *Walter v. Wala*, 10 Nebr., 123. As to the other point, we find nothing in the statutes making such leave of court necessary, and are not impressed with the reasons for requiring it which have been urged. Section 23, chapter 34, Compiled Statutes, makes it the duty of the guardian to represent the ward in all legal proceedings, and section 26 puts him in the position of an administrator with respect to inventorying, getting possession of, and accounting for the ward's estate. If he brings suits recklessly and

improvidently, he may doubtless be removed, or charged with the expense in his accounts. Such seems to be the practice elsewhere. *Hinchman v. Ballard,* 7 W. Va., 152; *McCrillis v. Bartlett,* 8 N. H., 569; *Equitable Trust Co. v. Garis,* 190 Pa. St., 544, 42 Atl. Rep., 1022.

Section 14, chapter 34, Compiled Statutes, provides for the appointment of guardians of persons who "by reason of extreme old age or other cause" are "mentally incompetent to have the charge and management" of their property. The petition in the case at bar alleges that plaintiff was appointed guardian "on account of the extreme age and mental and physical weakness and incapacity of said Emery W. Tuttle." It is argued that this allegation falls far short of the requirements of the statute and does not suffice to show a proper appointment or any cause of action on the part of the guardian. It will be seen, when we come to the merits of the cause, that plaintiff's case is not that the deed must fail because the grantor was wholly incapable of making it, but that it should be set aside because of fraud, imposition and undue influence in obtaining it from an aged, infirm and weak-minded grantor, who reposed confidence in the grantee, and was taken advantage of in the transaction. Hence we might well treat the allegations as to the grounds of the appointment as surplusage and uphold the petition on the presumption that must be indulged as to the regularity of the judgment and order of the county court. But, in any event, after judgment, the petition is to be construed liberally. *Gage v. Roberts,* 12 Nebr., 276. The plaintiff and the county judge were permitted to testify as to the appointment of a guardian without objection, and the parties stipulated in open court that plaintiff was "duly appointed." So long as the defect is merely a lack of definiteness and precision in essential allegations, not a complete absence thereof, it should not be considered at this time. *Barge v. Haslam,* 63 Nebr., 296.

Appellant insists next that the petition fails to state a cause of action, in that the allegations of fraud are mere

conclusions, without stating any issuable facts or any representations which would afford ground for rescission, because the allegation of want of consideration is insufficient and because there are no allegations of such mental weakness as to render the grantor incompetent to have charge and management of his property at the time the deed was executed. We do not think any of these objections well taken. The petition charges, in substance, that the defendant represented to the grantor, who was an old man, weak in body and mind, that his son and son-in-law were conspiring to defraud him of his land; that they were intending to bring an action against him and would be able to procure a judgment by false evidence and cause the land to be sold to satisfy it, unless conveyed to the defendant; that the defendant promised to hold the land in trust and reconvey it; that such representations were false; that the conveyance was without consideration; and that it was procured by said false and fraudulent representations in consequence of the extreme old age, mental weakness and childishness of the grantor. While it is true that the representations alleged are all as to the intention of grantor's relatives, and as to what they would or might do in the future, they are obviously of a nature well suited to work upon the fears of a weak and childish old man, and induce him, when pressed adroitly and persistently, to dispose of his property in order to avoid the suggested dangers. False representations of this character, made to ignorant or weak-minded grantors, or to persons reposing special trust or confidence in the grantee, have always been held ground for canceling the conveyances so procured. *Kleeman v. Peltzer,* 17 Nebr., 381; *Oakey v. Ritchie,* 69 Ia., 69, 28 N. W. Rep., 448; *Wooley v. Drew,* 49 Mich., 290, 13 N. W. Rep., 594; *Davis v. McNalley,* 37 Tenn., 583, 73 Am. Dec., 159. In each of these cases the representation was that judgments would be procured against the grantor, or that he would lose the land through some threatened or contemplated legal proceedings. When made to persons of full strength and capac-

ity, such representations might be entirely harmless. But made to a feeble, vacillating, childish person, too ready in any event to do whatever is suggested, they necessarily and inevitably result in unjust and inequitable transactions. The allegation that the conveyance was without consideration, is excepted to on the authority of *Sac County v. Hobbs*, 72 Ia., 69, 33 N. W. Rep., 368. That was an action on a promissory note. The defendant pleaded that the note was "executed and delivered without any consideration whatever." The court said: "Whether the contract is supported by a valid consideration depends upon the circumstances under which it was executed, and the purposes which the parties had in view when they entered into it." Accordingly the allegation was held a mere statement of a conclusion and proper to be stricken out. But here the nature and circumstances of the conveyance are fully set forth, its purpose is disclosed, and the want of consideration is set forth as a fact, which, in connection with all the other facts, goes to show the character of the transaction, and calls for the interposition of a court of equity. In its present connection, the allegation is not open to objection. Wait, Fraudulent Conveyances, sec. 144. The allegations of mental weakness are not as strong as the statutory requirements for the appointment of a guardian; nor are they sufficient, we may concede, to require the deed to be canceled on the sole ground that the grantor was without capacity to make it. In such a case as this so full a measure of incapacity is not required as a condition of relief. Although mental weakness may fall short of entire incompetency to transact business, if it is taken advantage of to procure a conveyance by inequitable means, the conveyance may be set aside. *Loder v. Loder*, 34 Nebr., 824; *Kleeman v. Peltzer*, 17 Nebr., 381; 2 Pomeroy, Equity Jurisprudence, sec. 947. We are well satisfied that the petition states a cause of action, and is free from substantial defect.

It remains to consider whether the decree is sustained by the evidence. The evidence adduced by the plaintiff

showed that the grantor had been very feeble in mind and body for some years before the conveyance. He was 82 years old. His wife was dead, and he had been living with one or another of his relatives since her death. He had not done his own business for many years, and had become subject to fainting spells, so that it was not thought prudent to permit him to go about by himself. A number of witnesses testified that he was forgetful, childish, and vacillating; that he talked to himself; and that his condition in these respects was growing worse before the deed was executed. It is in evidence on behalf of plaintiff that in former years he had not been on friendly terms with Ezra Bennett, the grantee, but at the time of the transaction in question, it is clearly shown that the latter had his full and entire confidence in all things. He was living with the grantee when the deed was executed, and at that time and since seems to have believed that his other relatives, especially a son and son-in-law, were conspiring against him and trying to get his property, and that one of them had a large claim which he intended to put in judgment and make by execution. The land was clearly exempt, even though he had ceased to occupy it after his wife's death. *First Nat. Bank of Greenwood v. Reece,* 64 Nebr., 292. Moreover, his children deny expressly that any such claims existed, or that there was ever any thought or intention of asserting them. Yet even at the time of the trial he was firmly possessed of this fear, and, according to one of his sons-in-law, he stated after the deed was executed that he made it because of claims which his son and another son-in-law held, and that he could get the land back at any time. Other witnesses testified that the grantee admitted on several occasions that he held the land in trust for the grantor, and there is much evidence that he agreed at one time to reconvey at the request of the grantor's other relatives. Defendant denies most of this testimony, and produced not a little evidence in conflict with it. He asserts that he bought the land of the grantor, who was abundantly able

to do business at the time, giving therefor two notes, aggregating $750, due in three and five years, secured by mortgage, and the first year's rent, $110, and assuming a mortgage of $150. There was ample evidence to justify the court in finding that the land was worth at least $1,600, and that it was rising in value, in which case the bargain was scarcely a fair one. There was also sufficient evidence to sustain a finding that the notes and mortgage were never delivered, but remained at all times in Ezra Bennett's possession and control. It is true, the mortgage was recorded. But it seems to have been recorded by the defendant, and to have been returned to and retained by him after recording, without reaching the mortgagee. The grantor could not say that he ever had the notes, and knew very little about them. They never came into the hands of his guardian. If the court believed the witnesses who testified to admissions of the grantee, as it may well have done, it was justified in finding that there was no sale, but a mere conveyance in trust to prevent the supposed claims of the son and son-in-law from becoming liens on the land. In such case the decree is manifestly proper. *Kleeman v. Peltzer*, 17 Nebr., 381. The trial court saw the witnesses and had the great advantage of seeing the grantor and hearing him testify. We ought not to set aside the decree under such circumstances unless it is clearly wrong. A court of equity will scrutinize jealously a transaction as to which there is ground for holding that influence has been acquired over a person of weak mind, and has been abused. *Smith v. Kay*, 7 H. L. Cas. [Eng.], 750, 759. The circumstances under which a conveyance was made, the condition of the grantor at the time, and the injustice to him and his heirs if it is upheld, may be such as to cast upon the grantee the burden of showing that it is untainted with undue influence, imposition, or fraud, but is the intelligent and deliberate act of the grantor. *Gibson v. Hammang*, 63 Nebr., 349, and cases cited. Hence, under the circumstances of this case, as there is ample testimony on behalf of plaintiff to sus-

tain the decree, and it is by no means certain that defendant ought not to be held to the burden of proof as to the fairness and *bona fides* of the transaction, we have no disposition to interfere.

It is urged that there should have been a tender of the notes and mortgage. But plaintiff denied that there was a sale, or that the notes and mortgage were ever delivered. On this point the trial court evidently found for the plaintiff. The defendant admits he paid out none of his own money, the sole money payment being the rent of the farm for the year in which the deed was made. This being so there was no consideration to restore and no tender of that which never came to the hands of plaintiff or his ward was necessary.

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 7, 1903:

1. **Record:** RE-EXAMINATION: SYLLABUS REANNOUNCED. The record re-examined, the former opinion adhered to, and its syllabus reannounced.

2. **Stipulated Fact:** DEFECTIVE PLEADING. Where a defendant at the trial stipulates that a fact exists, he may not secure a reversal after judgment against him because of a defective pleading of the stipulated fact.

GLANVILLE, C.

This case has once been decided by this court and the opinion, written by POUND, C., is published on page 432, *ante*.

An extended motion for rehearing and an elaborate argument in support thereof was filed, and a rehearing allowed, and we have again carefully examined the record

and considered the briefs and arguments on both sides, examining the evidence with special reference to the rule announced in *Faulkner v. Sims*, filed March 18, 1903, holding in effect that the re-examination of an appealed equity case should be in fact a trial *de novo*, to see if under such rule we should hold the judgment and finding of the lower court to be right.

Without discussing the evidence here, but referring to the former decision for a sufficient statement thereof, we will say that upon the evidence we are fully satisfied with the finding and judgment of the trial court; indeed, we are not prepared to say that we would have been satisfied with its decision had it been in favor of the defendant.

The burden of the argument made for the appellant is upon the propositions that the petition does not state a cause of action, and is also fatally defective because it does not show that the plaintiff had capacity to sue as the guardian of Emery W. Tuttle, and because it is claimed that he did not so sue as guardian. A sufficient statement of the case to show the basis of these contentions will be found in the former opinion.

A demurrer was filed to the petition upon which the case was tried on the grounds that the plaintiff had no legal capacity to sue; and that the petition does not contain facts sufficient to constitute a cause of action. This was overruled and the defendant answered. In the answer no question is raised as to plaintiff's capacity to sue, except by a denial of the allegation of his appointment as guardian, and no question is raised anywhere in the pleading as to the action being prosecuted in the name of the real party in interest. Upon the trial no objection whatever was made to the taking of testimony on account of any defects in the petition.

Much contention of the appellant, in his argument and brief, is disposed of by the following stipulation, which is a part of the record: "The parties agree that Levi Bennett was duly appointed by the county court of Boyd county, Nebraska, as guardian of Emery W. Tuttle on the

21st day of November, 1899, and that he gave the bond, required to be given as such guardian by order of the court, and duly qualified as such guardian and is still such guardian." After entering into such a stipulation it is useless for the appellant to further contend that the plaintiff was not in fact such guardian, or to attack his appointment collaterally, simply because the petition in this action, which is not one for the appointment of a guardian, does not state grounds for such appointment. The stipulation admits that he was duly appointed by the proper court, duly qualified and was still such guardian. In the condition of the record, and after such a stipulation as this, the plaintiff would be entitled to amend his petition, if necessary, to make it conform to these stipulated facts. It is therefore not worth while to give time or space to any more full discussion of this contention than is found in the former opinion.

Another contention of the appellant is, that because to authorize the county court to appoint a guardian for Emery W. Tuttle it must have been made to appear in that court that he was mentally incompetent to have the charge of, and management of, his property; and because this action is brought by the guardian so appointed, therefore the plaintiff must allege and prove that Emery W. Tuttle at the time of making the conveyance in question was so mentally incompetent to have the charge and management of his property as to render the deed in question absolutely void, because of the total want of capacity to make the deed at the time it was made. In this we think he is wrong; the question of such capacity at the time of the hearing was in issue in the guardianship case, and was so decided by the court that the plaintiff was duly appointed guardian, and is *res judicata*. The plaintiff then had a right to bring this action to set aside the conveyance in question without allegation or proof that, at the time it was made, his ward was totally without capacity to make it, if upon any equitable grounds the ward himself, or anyone claiming under him, could have sustained such an

action; and what he was required to allege and prove is such a set of facts as would require a court of equity to so set the conveyance aside. There was no need to allege and prove total incapacity in Emery W. Tuttle at the time the deed was made, although such allegations and proof would establish the fact that the deed of conveyance was absolutely void; therefore the contention that the judgment can not be sustained for want of such allegations and proof is unsound.

Argument is made that there is no pleading of facts which show that the deed in question was obtained by the defendant by means of any fraud, the contention being that the false representations alleged to have been made by the defendant to induce the deed are not made respecting any existing fact or facts, and that the allegation that the defendant "falsely and fraudulently represented to said Emery W. Tuttle that his son, the said Bud Tuttle, and one Henry Duval * * * were conspiring together to defraud him of his aforesaid land; that said Duval and said Bud Tuttle were intending to bring an action against Emery W. Tuttle for a large sum of money" is "hypothetical, conditional and contingent, and is a mere opinion." This is incorrect. The allegation is that defendant falsely and fraudulently represented the existence of an active conspiracy to defraud plaintiff's ward of his land; and if the allegation be true, and this representation was falsely and fraudulently made by the defendant, well knowing the weak and enfeebled condition of Tuttle's mind, and the deed was induced thereby, coupled with a promise that the defendant would hold the land in trust for the grantor, these facts would be sufficient to require a court of equity to enforce a trust, or compel a reconveyance.

Defendant's brief, on page 25, contains the following: "Stripped of its incumbering verbiage, the pleader means to say that the defendant, knowing the age of Emery W. Tuttle and his enfeebled mental and bodily condition, falsely represented to him that his son and son-in-law were conspiring to defraud him of his land; that they in-

tended to bring an action against him for a large sum of money and would be able to procure a judgment against him by false evidence, and would cause the land to be sold to satisfy the judgment, and that the only way to protect himself was to convey the land to the defendant, who promised to hold it in trust for him and reconvey it whenever he desired it. That these are conclusions of law and not statements of ultimate and issuable facts, I think no man familiar with the primary rules of pleading will attempt to deny. But whether true or not, it is true that they do not contain a single allegation of false representations respecting an existing fact." The defendant's mere statement of the proposition, stripped, as he says, of its incumbering verbiage, is sufficient to overthrow his contention. He argues that it "expresses no more than that the defendant represented to Mr. Tuttle his belief that the son and the son-in-law would bring an action," etc.

Suppose the defendant did thus believe and so stated his belief, and suppose it were well founded, and suppose that Mr. Tuttle, weak and enfeebled in mind as stated, was so induced to make the deed, relying upon the promise of the defendant to hold in trust for him, and reconvey when he desired, and that such promise was made without intention of keeping the same, as the subsequent action of the defendant clearly indicates, the property being an exempt homestead and not capable of fraudulent alienation, would not a court of equity enforce the trust? But, as pleaded, it was not the expression of a belief, but a false and fraudulent statement of the present existence of a conspiracy, coupled with a declaration of the power of the conspirators to make their scheme successful. We are satisfied with the former holding of this court on the question of the sufficiency of the petition as the record stands, and the same is adhered to.

We are also satisfied with our former holding; and the argument of the learned commissioner in the previous opinion, on the sufficiency of the allegation that the conveyance was without consideration as a pleading of fact.

Pleading that the transfer of negotiable paper was "for a valuable consideration, in the due and ordinary course of business," etc., is common in our practice, and, when denied, raises an issue; yet such allegation of the existence of a consideration is more nearly the statement of a conclusion of law than the allegation of its non-existence. If it exists, its nature and manner of payment can be shown; if it does not exist, it has no nature or manner of payment.

There is still some contention that this action can not be sustained by the plaintiff, because he is designated in the title to the petition as "Levi Bennett, Guardian of Emery W. Tuttle"; arguing that the words "Guardian of Emery W. Tuttle" are *descriptio personæ*.

In *Thomas v. Carson,* 46 Nebr., 765, it is said: "Where the petition or complaint states a cause of action in favor of the plaintiff personally, superadded words, such as 'agent,' 'executor' or 'trustee,' will be regarded as *descriptio personæ*." But that is not this case, and we adhere to the rule announced in the former decision as right and decisive on this point.

We have carefully re-examined the case and we think sufficiently discussed the real issues of law and fact involved therein. It would be too tedious in this opinion to attempt to follow and analyze the entire one hundred pages of argument in appellant's briefs. The points in the case necessary to a decision have been noted with special reference to those insisted upon in the reargument, and we think they all have been correctly decided.

We recommend that the decision heretofore announced be adhered to.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the former judgment of this court be adhered to and that the judgment of the district court be affirmed.

FORMER JUDGMENT ADHERED TO.