CHARLES E. LEAR, APPELLEE, V. BROWN COUNTY, APPEL-
LANT.

FILED OCTOBER 4, 1906. No. 14,713.

Judgment: PLEADING. The orders or judgments of a court of general
jurisdiction may be pleaded in general terms without alleging
jurisdictional facts.

APPEAL from the district court for Brown county:
JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*William M. Ely,* for appellant.

*M. F. Harrington,* contra.

EPPERSON, C.,

Appellee, Lear, an attorney at law, filed his claim against
the county of Brown, and from a decision of the county
board an appeal was taken to the district court, where he
alleged in his petition, among other things, "that on the
—— day of ——, 1903, one Fred M. Hans was indicted for
the crime of murder in the district court for Brown county,
Nebraska, and that thereafter this plaintiff was duly ap-
pointed by the district court for Brown county, Nebraska,
to aid and assist the county attorney of said county in
the trial, preparation and prosecution of the said Fred M.
Hans upon said charge, and that he assisted in the prose-
cution of said cause and in a second trial of Fred M.
Hans for murder in the year 1905; that, prior to filing
said claim, the judges of said court before whom said cause
was tried duly certified that said services were rendered by
plaintiff, and such certificate was duly presented to the
said county board with said claim." The county demurred
to this petition, and upon the demurrer being overruled
elected to stand thereon. Judgment was rendered for
appellee, and the county appeals, assigning as error the
overruling of the demurrer to the petition.

Section 9144, Ann. St., among other things, provides: "That the county attorney of any county may, under the direction of the district court, procure such assistance, in the trial of any person charged with the crime of felony, as he may deem necessary for the trial thereof, and such assistant or assistants shall be allowed such compensation as the county board shall determine for his services to be paid by order on the county treasurer." Appellant contends that the petition is insufficient because it does not contain an allegation that the assistance in the trial of a felony cause was procured by the county attorney. Under section 9144, *supra*, in order to charge the county with the compensation of an assistant for the county attorney in the trial of felony cases, the services must be procured by the county attorney under the direction of the district court, and the district judge must certify that such services were rendered. The petition fails to allege that the services of appellee were procured by the county attorney, but alleges its equivalent —that appellee assisted the county attorney after the appointment by the court. The appointment alleged in the petition is equivalent to the direction required by the statute. And as the district court is a court of general jurisdiction its orders and judgments may be pleaded in general terms and will be presumed to be regular. *Ben nett v. Bennett*, 65 Neb. 432. The appointment by the court is but the legal effect or determination of the court's proceedings in the matter, and jurisdictional facts need not be pleaded.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.