CHARLES WINDLE, GUARDIAN, APPELLANT, V. WILHELMINA J. KELLY ET AL., APPELLEES.

280 N. W. 445

FILED JUNE 28, 1938. No. 30325.

*J. E. Leyda* and *Jean B. Cain*, for appellant.

*Henry F. Schepman* and *John C. Mullen*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit to partition 373 acres of land in Richardson county. When John B. Rothenburger was owner of the land he made a will nominating his daughter, Mary Angeline Rothenburger, executrix, and directing her to sell the land, pay his debts and his bequests and distribute the remainder of his estate equally among his two sons and three daughters: John W. Rothenburger, George H. Rothenburger, Mary Angeline Rothenburger, Wilhelmina J. Rothenburger, now Kelly, and Agnes D. Rieger. Testator died February 21, 1922, and his will was duly probated.

In consideration of "One dollar and division of property," Mary Angeline Rothenburger, executrix of testator's will, by deed dated September 4, 1923, and recorded February 6, 1924, transferred the legal title to the land to Wilhelmina J. Kelly.

In consideration of one dollar, by quitclaim deed dated

March 12, 1924, and recorded April 1, 1924, John W. Rothenburger and wife, Agnes Rieger and husband, Angeline Rothenburger, single, and George H. Rothenburger and wife, quitclaimed to Wilhelmina J. Kelly all their interests in and claims to the same land.

To secure a loan of $9,300 from the Federal Land Bank of Omaha, the grantee named in both deeds, by mortgage dated March 4, 1924, and recorded March 10, 1924, encumbered the same land for the amount of the loan.

From funds in the hands of the executrix she paid her brother John $5,000 in lieu of his interest in the land. She paid, also, the debts of testator, the expenses of administration and his bequests. In her final report as executrix she stated: "I sold the land for $33,000, which is $4,500 less than the same was appraised." The county court found there was due each of the five children of testator the sum of $6,215.53. Each receipted for that amount, but no one received any money for an interest in the land except John. The final report was approved September 7, 1923, and the executrix discharged.

In a proceeding in the nature of *de lunatico inquirendo* the son George was committed to a state hospital for the insane in 1936, and Charles Windle was appointed guardian February 3, 1936, and he was directed by the court to pay his ward's wife $15 a week for her support. The ward had incurred debts which remain unpaid.

The guardian, styling himself "Charles Windle, Guardian of George H. Rothenburger, incompetent," plaintiff, brought the action in partition, subject to the mortgage, against the other devisees under testator's will, defendants, on the theory that the grantee in both deeds acquired the legal title to and holds possession of the land under a resulting trust in which the devisees who received nothing in lieu of their claims to and their interest in the land are the beneficiaries.

The answer of defendants contains an allegation that the guardian does not have a lawful right to a partition of the land in which the ward claims an interest, a general denial

and a demurrer challenging the sufficiency of the petition to state a cause of action.

The reply to the answer is a general denial. At the close of all the evidence adduced on behalf of plaintiff, the district court entered a nonsuit. From the judgment of dismissal plaintiff appealed.

The position of defendants that the guardian had no legal right as plaintiff to bring or maintain the suit for partition is assailed on appeal as untenable. Referring to duties of a guardian the statute says: "He shall appear for and represent his ward in all legal suits and proceedings, unless where another person is appointed for that purpose, as guardian or next friend." Comp. St. 1929, sec. 38-502. Another provision requires a guardian to manage the estate of the ward and apply the necessary income to his support and that of his family, if any, and for such support the guardian may sell the ward's real estate upon obtaining a license to do so. Comp. St. 1929, sec. 38-503. The guardian may also join in, and assent to, the partition of the ward's real estate. Comp. St. 1929, sec. 38-504. The legislature further provided that "All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate," in the manner provided by other enactments. Comp. St. 1929, sec. 20-2170. One of several tenants in common has an absolute right to a partition of their real estate, in absence of an agreement to, or other impediments to, the contrary. *Oliver v. Lansing,* 50 Neb. 828, 70 N. W. 369. When the statutes prescribing the duties of a guardian and granting tenants in common the right of partition are considered together, the legislative purpose to authorize a guardian to bring and maintain for the ward a suit to partition land is clearly implied. In no other way can the guardianship serve its purpose, if the ward's interest in land is necessary for his support or that of his family. It is the duty of the guardian to manage the estate of the ward, to provide support for him and his family out of his income, if sufficient, and, if insufficient, to sell his real estate to supply the means for such support.

The uncontradicted evidence proves that the income of the ward is insufficient for the payment of his debts and his wife's support. Since partition, if well founded, is an absolute right, a license to bring the suit is unnecessary. Where a guardian's suit is unnecessarily or recklessly brought, the guardian is answerable for a breach of duty. *Bennett v. Bennett,* 65 Neb. 432, 91 N. W. 409. ·The nonsuit cannot be sustained for want of a competent plaintiff.

In justification of the dismissal it is argued by defendants that the action, even if maintainable, should have been brought in the name of the ward. Under the title of the case as it appears in the petition, it is specifically alleged that the action is brought for and in behalf of the ward. On this ground therefore the petition is not demurrable. *Bennett v. Bennett,* 65 Neb. 432, 91 N. W. 409.

Defendants also insist that the suit was properly dismissed because the petition is too indefinite and uncertain for the declaring and enforcing of a resulting trust, and point out the allegation "That the duration of the trust and the terms and conditions under which the defendant, Wilhelmina J. Kelly, held said land in trust is to plaintiff unknown." The guardian was appointed many years after the trust was created. The ward was an incompetent person. All other beneficiaries of the trust were hostile to partition. In partition, "The petition must describe the property, and the several interests and estates of the several joint owners thereof, if known." Comp. St. 1929, sec. 20-2170. The petition describes the land and contains the plea that, subject to the mortgage, the legal title under the two deeds is in the grantee therein and that the beneficial interests are held by her under parol agreements to hold them in trust in equal shares for all the children of testator except his son John, who received $5,000 in lieu of his share. The petition sufficiently complies with the statute relating to partition. The allegation quoted may be regarded as surplusage or treated as an explanation why more detailed terms of the trust were not given. This allegation does not destroy the petition as a whole under the circumstances. The evidence

proves the facts essential to the establishment of the trust pleaded. Under the liberal rules of interpretation prevailing in this jurisdiction, the petition is not vulnerable to this attack.

The principal question on appeal arises on the contention of defendants that the ward is not in possession of the land and is not a "tenant in common" or a "joint tenant" for whom partition may be decreed. The statute provides: "All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition." Comp. St. 1929, sec. 20-2170. "Any estate" of a joint tenant in land, therefore, is subject to partition. Does the ward have such an estate? Proper conclusions and findings on the pleadings and the evidence are as follows: The two sons and the three daughters of testator acquired this land in equal shares through the probated will of their father. For the purpose of settling the estate without delay, one of the daughters, the executrix, by oral understanding of all, in consideration of "One dollar and division of property," conveyed the legal title to another daughter. Pursuant thereto the estate was settled, but the land was never divided. The legal title which the grantee thus acquired to serve the specific purposes of all equally came from all the devisees and no one paid or received any money in the transaction. Thus far the equities in the undivided land remained as they came from testator. To enable the grantee to pay legacies, debts and the share of John without a division or actual sale of the land, the devisees, with the exception of grantee, quitclaimed in her their interests. This transaction intentionally resulted in the loan secured by the mortgage, which served the purpose stated, but no one except John received any consideration in money for the conveyance of the title.

The transactions, facts and circumstances bind grantee by a resulting trust. The pertinent rule of equity adopted here and elsewhere has been stated as follows:

"Where land has been conveyed by an absolute deed, the intention of the parties not being to confer on the grantee

the beneficial interest, but merely to facilitate the accomplishment of some specific purpose, it has been held that the purpose of the conveyance may be shown by parol, and thereby a resulting trust may be raised in favor of the grantor." 15 Am. & Eng. Encyclopedia of Law (2d ed.) 1127; *Doll v. Doll,* 96 Neb. 185, 147 N. W. 471.

Grantee contributed no more to the conveyance to her than any other beneficiary. She owned in equity only an undivided one-fourth interest in the land, the same as each of the three other beneficiaries. She held the title and beneficial interests for all subject to the mortgage. Being a trustee, her tenancy and possession were not for herself alone but, by construction of law, were for herself and the other beneficiaries of the trust on equal terms. Including the ward, all beneficiaries were tenants in common. "Any estate" of a joint tenant in land is subject to partition. Comp. St. 1929, sec. 20-2170. The suit is one in equity and the court acquired jurisdiction for all the purposes of partition with power to decree the resulting trust and determine the interest of each equitable owner of the land subject to the mortgage and to direct the division or sale thereof.

The statute of frauds and the statute of limitations are urged on appeal as defenses, though not pleaded in the answer. Neither is available as a defense. It is well-settled law that the statute of frauds does not affect a resulting trust. *Doll v. Doll,* 96 Neb. 185, 147 N. W. 471. There is nothing in the record to show the trustee, before filing her answer, denied that the ward had an "interest" in the land or gave notice to that effect. It follows that the suit is not barred by the statute of limitations.

A sufficient ground for the dismissal of the suit has not been found in the record. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED.