EFFIE FRANKENBERGER, APPELLEE, v. LAURA IRENE HOLM ET AL., APPELLANTS.

46 N. W. 2d 901

Filed March 23, 1951. No. 32934.

W. G. Whitford and James F. Brogan, for appellants.

Elmer C. Rakow, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Effie Frankenberger, plaintiff and appellee, against Laura Irene Holm and others, appellants, for the partition of 400 acres of land in Antelope County, Nebraska.

A decree was entered allowing partition in accordance with the prayer of the petition. From this decree and an order overruling a motion for new trial which was duly filed the defendants have appealed.

In order to understand what is before the court it becomes necessary to set forth the pertinent substance of the petition. This substance will be set forth by reference to the paragraphs for reasons which will become apparent later herein.

In paragraph 1 it is declared that on September 6, 1948, Frank Bergren died testate and at the time of his death he was the fee simple owner of the 400 acres of land in question.

In paragraph 2 it is declared that the will of Frank Bergren was duly admitted to probate and Charles Frankenberger was appointed and has qualified as executor; that the time for filing claims against the estate has expired and an order barring claims has been entered; and that the personal property in the possession of the executor is ample to pay debts, costs, and expenses of administration.

In paragraph 3 it is declared that Frank Bergren had no children but that he left surviving his widow, Josephine Bergren; that he also left surviving a niece, six nephews, a sister-in-law, and three stepdaughters who were residuary legatees and devisees under his will; that the widow renounced the will and filed her election to take under the statutes and thus became the owner of one-half of the land in question, and that the remaining one-half became the property of the residuary legatees under the terms of the will.

In paragraph 4 it is declared that the widow, Josephine Bergren, died intestate on January 29, 1949, leaving as her sole and only heirs-at-law three children, Lillian Owen, Effie Frankenberger, and Perna Hill, which three children on the death of Josephine Bergren became the owners, share and share alike, of the one-half of the estate of Frank Bergren which came to Josephine Bergren by reason of her renunciation and election; and that Charles Frankenberger is the administrator of the estate.

Paragraph 5 requires no mention here.

Paragraph 6 declares what plaintiff contends are the respective interests of the parties in the lands. The effect of it is to say that Lillian Owen, Effie Frankenberger, and Perna Hill are the owners, share and share alike, of one-half and that these three as residuary legatees together with the other legatees are the owners of the other half.

There is an amendment to the petition the substance of which declares that on June 23, 1950, a decree was entered by the district court determining heirship and the right of descent of property in the estate of Frank Bergren; that the action in the district court in which the decree was entered was an appeal from the county court; and that in the action no supersedeas bond had been filed and that this decree is res judicata.

The prayer is the usual one in partition actions.

To the extent necessary to set it forth here the answer and cross-petition which is a single and unseparated document admits paragraphs 1 and 2 of the petition. It denies that Josephine Bergren renounced the provisions of the will of Frank Bergren and filed an election to take under the statutes.

It declares that the purported renunciation and election was not the voluntary act of Josephine Bergren; that she was mentally incompetent to make such a renunciation and election; and that the instrument of renunciation and election was procured by undue influence.

It declares that there was a valid and binding antenuptial agreement between Frank Bergren and Josephine Bergren whereby Frank Bergren was entitled to dispose of his estate as he chose by will.

It admits paragraph 4 of the petition. It denies paragraph 6.

The prayer is for partition of the estate as the parties would be entitled in the absence of renunciation and election by Josephine Bergren.

There is a reply which to the extent necessary to refer to it denies the allegations of the answer and

cross-petition to the extent that they are inconsistent with or contradict the petition.

The case came on for trial. No witness was called on behalf of plaintiff. The only evidence offered to sustain the cause of action pleaded in her petition was a decree of the district court described only as "Exhibit '1'" and as "the decree in the appeal of the estate matter, the matter of the Estate of Frank Bergren, Deceased." No foundation whatever was laid for the offer.

The exhibit was admitted over objection that it was irrelevant and immaterial. Following the admission of this exhibit the plaintiff rested.

On their behalf to support the allegations of their answer and cross-petition the defendants by their attorney stipulated as follows: "Mr. Whitford: You will stipulate, subject to its being material, that the petition for determination of heirship was filed in the County Court of Antelope County, on the 5th day of April, 1949, one of the petitioners being Effie Frankenberger, the plaintiff in this partition action; that the decree which has been offered in evidence as Exhibit '1' is the decree that was rendered in this Court on appeal from the decree of the County Court on the aforementioned petition. Mr. Rakow: That's right. Mr. Whitford: That the petition of plaintiff in the case on trial was filed on March 4, 1949; that in the aforementioned case, in which the decree which is here offered in evidence as Exhibit '1' was rendered, a supplemental motion for new trial was filed on August 23rd, 1950, which motion has not at this time been ruled on. Mr. Rakow: And I would like to offer the stipulation here that the decree entered in the appeal case No. 7947 in the matter of the Estate of Frank Bergren, Deceased, was entered on June 23rd, 1950, Motion for New Trial was filed therein and the same was overruled by this Court on the 11th day of August, 1950, and no supersedeas bond has been filed in said case. Mr. Whitford: No objection to that stipulation. Mr. Rakow: You agree to the stipulation that

I dictated? Mr. Whitford: Yes. I don't agree to the materiality of it; but it states facts."

On the pleadings which have been summarized and evidence which is fully reflected herein the district court decreed partition in substantial conformity with the prayer of the petition. The appellants ask this court to reverse the decree and direct decree of partition in conformity with the prayer of their answer and cross-petition.

This case comes here for trial de novo on the record presented. § 25-1925, R. R. S. 1943.

From an examination of the record in this light it is clear that all there is to sustain the cause of action pleaded by plaintiff is the decree in the estate of Frank Bergren, deceased, and the admissions contained in the answer and cross-petition of the appellants.

There are no admissions in the answer and cross-petition which may be said to sustain the cause of action pleaded by the plaintiff except as to the death of Frank Bergren; his testacy at the time of death; his ownership of the land at the time; that he had no children; that his estate was probated; and that on the death of Frank Bergren, Lillian Owen, Effie Frankenberger, and Perna Hill were the children of Josephine Bergren, his widow.

The following are other admissions of the answer but they do not in anywise tend to prove plaintiff's cause of action: It admits that Josephine Bergren died intestate on January 29, 1949, leaving as her sole and only heirs-at-law Lillian Owen, Effie Frankenberger, and Perna Hill. It also generally admits Josephine Bergren by her renunciation and election became the owner of one-half of the land in question and that the three named heirs succeeded to her interest. Elsewhere the appellants deny specifically and in detail that Josephine Bergren validly renounced the will and that her three named heirs succeeded to her interest in the land. The appellants, we think, should have the benefit of

its specifically pleaded denial and should not be bound by the general admission.

Assuming that exhibit 1 was sufficiently identified and properly admitted it was on its face proof only of interests in this land which came into being by the death of Frank Bergren, testate, and the renunciation and election of Josephine Bergren. This exhibit purported to fix the status of this land and of the then interested parties as of the date of the renunciation and election and not beyond. The record here is devoid of evidence, either by decree of heirship of the county court in the matter of the estate of Josephine Bergren, deceased, or otherwise, showing title in any person or persons to this land beyond the showing in exhibit 1.

With regard to partition, section 25-2177, R. R. S. 1943, provides: "Each of the parties appearing, whether as plaintiff or defendant, must exhibit his documentary proof of title, if he has any, and must file the same, or copies thereof, with the clerk."

It is pointed out in Kazebeer v. Nunemaker, 82 Neb. 732, 118 N. W. 646, that this is not jurisdictional but no case has gone so far as to say that proof of title or interest in real estate is not an essential element of proof in an action for partition.

It must be said that the evidence is insufficient to sustain plaintiff's action for partition.

The evidence is in like manner insufficient to sustain the cross-action of the appellants for partition. The other phases of the cross-action find no support whatever in the evidence.

The decree of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.

MESSMORE, J., participating on briefs.