IN RE ESTATE OF JOSEPH A. MANN, DECEASED. THE COUNTY OF HOLT, STATE OF NEBRASKA, APPELLANT, V. EDWARD M. GALLAGHER, EXECUTOR OF THE ESTATE OF JOSEPH A. MANN, DECEASED, ET AL., APPELLEES.

56 N. W. 2d 621

Filed January 16, 1953. No. 33218.

*William W. Griffin,* for appellant.

*Lloyd Dort,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This litigation had its inception when objections were made to including an interest in a trust created by John P. Mann as an asset of the estate of Joseph A. Mann, deceased, for the purpose of determining and assessing inheritance tax. This objection is based on the contention that Joseph A. Mann, at the time of his death, had no interest in the trust which could be included as part of his estate for inheritance tax purposes.

Section 77-2001, R. R. S. 1943, provides, insofar as here material, as follows: "All property which shall pass by will or by the intestate laws of this state from any person who, at the time of his death was a resident of this state, * * * shall be subject to tax * * *."

"To authorize the imposition of an estate or succession tax, it is clear that the decedent must have had, at the time of his death, an interest in the property the transfer of which is to be taxed." 28 Am. Jur., Inheritance, Estate, and Gift Taxes, § 63, p. 44.

On March 25, 1937, John P. Mann executed a written instrument whereby he created a trust. Therein he appointed the First National Bank of Chicago trustee. He conveyed to this trust certain personal property for the purpose of carrying out the provisions thereof but retained the power to revoke the trust at any time. However, he never exercised this power.

He died on April 12, 1940, a resident of Holt County, and left a will which has been allowed and admitted to probate by the county court of Holt County. Therein he recognized this trust by leaving additional of his personal property to it and stating, with reference thereto, that it was "to be added to and become part of the trust fund already established for her (Margaret Louise Murray's) benefit * * *."

Joseph A. Mann, a brother of John P. Mann, died on September 20, 1948, a resident of Holt County. He died testate and his will has been allowed and admitted to probate by the county court of Holt County. The executor of his estate listed an interest in this trust as one of the assets thereof.

The county judge of Holt County, acting as appraiser by authority of section 77-2021, R. R. S. 1943, included this asset as property of the deceased and appraised its value at $52,600.67 and determined and fixed the inheritance tax accordingly. The executor of the estate appealed therefrom to the county court. See § 77-2023, R. R. S. 1943.

The county court found that Joseph A. Mann did not, at the time of his death, have an interest in this trust which passed to his estate. It ordered that no interest in the trust should be included as part of the estate for inheritance tax purposes; modified the appraiser's report accordingly; and then determined and fixed the amount of inheritance tax. It also ordered the executor to accordingly correct the inventory he had filed in the estate.

On appeal to the district court for Holt County the action of the county court was sustained and the appeal dismissed. The County of Holt thereupon filed a motion for new trial and, from the overruling thereof, has perfected this appeal.

The first question presented by this appeal is, did Joseph A. Mann, at the time of his death, have such an interest in the trust established by his brother, John P. Mann, that it passed to his estate and became part of the assets thereof? If not, then he had no interest therein that was subject to inheritance tax.

It is often stated by courts that the intention is the polar star by which courts are to be guided in such cases. That intention should be gathered from the whole instrument, considering the language used together with the sense in which it is employed. Once determined it should be carried into effect if it is not in conflict with law.

"One fundamental rule is that the entire instrument, all its parts, and its general purpose and scope are to be considered, and no parts should be disregarded as meaningless if any meaning can be given to them consistent with the rest of the instrument." 54 Am. Jur., Trusts, § 17, p. 35.

"General rules of construction of written instruments apply to the construction of trust instruments, whether they are contracts, deeds, or wills. The cardinal rule of construction is, of course, to determine the intention of the settlor, where the creation of the trust is a unilateral

matter, and to determine the intention of the parties, where such creation is a bilateral matter." 54 Am. Jur., Trusts, § 17, p. 34.

By the trust instrument and his will the settlor transferred to the trust certain personal property for the purpose of carrying out the provisions thereof, including the final distribution of any remainder. The trustee, under the provisions of the trust instrument, held title thereto and had full power and authority to deal therewith.

During the settlor's lifetime the net income of the trust was payable to him. However, the real purpose of the trust was to provide for his adopted daughter, Margaret Louise Murray, after his death. This he did by the following language: "* * * thereafter (meaning his death) such net income shall be paid in monthly installments unto MARGARET LOUISE MURRAY, adopted daughter of the Settlor, during the remainder of her life." Margaret Louise Murray was about 32 years of age when the trust was created.

The trust provided that Margaret Louise Murray should be paid at least $200 per month, regardless of the amount of the net income, and authorized the trustee to use the principal of the trust for that purpose, if necessary. It further provided that if, in the judgment of the trustee, this amount should not be sufficient to provide her with proper care, maintenance, or necessities, the trustee was authorized to pay her whatever amount it considered necessary or proper for that purpose.

Although the trustee is authorized to exhaust the trust assets, if necessary, to carry out the foregoing provision the trust instrument provides what shall be done by the trustee with any assets remaining in the trust at the time of her death. It provides, in that respect, as follows: "* * * upon the death of the said MARGARET LOUISE MURRAY, after the death of the Settlor * * * the remainder of the trust estate and any

income that may be accrued thereon *shall be paid out, transferred, conveyed and assigned* by the TRUSTEE *to JOSEPH A. MANN,* brother of the Settlor, *or unto his heirs, legal representatives or assigns.* Upon the distribution of the remainder of the trust estate as herein provided, the trust hereby created shall terminate." (Emphasis ours.)

"Webster's New International Dictionary defines 'and' as, 'A particle expressing the general relation of connection,' and defines 'or' as 'A co-ordinating particle that marks an alternative.' Both words are conjunctions. 'And' is a copulative conjunction. 'Or' is a disjunctive conjunction. 'Or' signifies and the use of it indicates a substitution; it marks an alternative." Ford v. Jones, 223 Ky. 327, 3 S. W. 2d 781.

From the context of the entire trust instrument we come to the following conclusions: That the settlor's real purpose in creating the trust was to make secure his adopted daughter's future, after he was no longer on this earth to provide for her; that he caused a large amount of his personal property to become assets of the trust for that purpose; and that while he authorized the trustee to use all of the trust assets for that purpose, if necessary, he also made provision for the disposition of any balance which might remain. In this respect he provided, in the first instance, that: "* * * the remainder of the trust estate and any income that may be accrued thereon shall be paid out, transferred, conveyed and assigned by the TRUSTEE to JOSEPH A. MANN, * * * legal representatives or assigns." Recognizing that Joseph A. Mann might die before Margaret Louise Murray he further provided: "* * * the remainder of the trust estate and any income that may be accrued thereon shall be paid out, transferred, conveyed and assigned by the TRUSTEE * * * unto his (Joseph A. Mann's) heirs, legal representatives or assigns."

The effect of the language used by the settlor was to create an executory disposition of the balance of the

assets of the trust, if any, upon its termination, which was to occur upon the death of Margaret Louise Murray. The beneficiaries of this executory disposition were Joseph A. Mann, or his heirs, depending upon the contingency of whether or not Joseph A. Mann survived the termination of the trust. If not, then the trust instrument provided where it was to go; that is, to Joseph A. Mann's heirs. They, his heirs, will take by reason of the trust instrument and consequently Joseph A. Mann, at the time of his death, had no interest in the trust which passed to his estate. These provisions are not contrary to law. It is therefore our duty to see they are carried out and put into effect. See, 54 Am. Jur., Trusts, § 101, p. 93; Ebey v. Adams, 135 Ill. 80, 25 N. E. 1013, 10 L. R. A. 162; 33 Am. Jur., Life Estates, Remainders, etc., § 141, p. 602; In the Matter of Evans, 234 N. Y. 42, 136 N. E. 233; 33 Am. Jur., Life Estates, Remainders, etc., § 147, p. 610; Restatement, Property, § 252, p. 1270; Glover v. Condell, 163 Ill. 566, 45 N. E. 173, 35 L. R. A. 360.

Many rules of construction are cited by both parties as guides for the court to use in construing the provisions of the trust instrument. Rules of construction are intended for use in doubtful cases when the language used is not clear, but have no application when the language used clearly expresses the settlor's intent.

Section 30-401, R. S. Supp., 1951, requires that a true inventory be made of the assets of a deceased person whose estate is being probated. The county court ordered the executor to correct the inventory he had filed so as not to show any interest in this trust estate. We think the county court was correct in so doing. As stated in 21 Am. Jur., Executors and Administrators, § 178, p. 471: "An inventory may be corrected in the court of probate upon a proper application."

Having come to the conclusion that the county court was correct in what it did, we affirm the district court's action in sustaining the county court and dismissing the

appeal taken thereto by the County of Holt from the county court's decision.

AFFIRMED.