James D. Conway, appellee, v. County of Adams, Nebraska, appellant.

107 N. W. 2d 418

Filed February 10, 1961. No. 34819.

*Clarence S. Beck,* Attorney General, *Homer G. Hamilton,* and *Donald L. Brock,* for appellant.

*Cline, Williams, Wright & Johnson, Richard N. Thompson, Conway & Irons,* and *John N. Marvel,* for appellee.

Heard before Carter, Messmore, Yeager, Chappell, Wenke, and Boslaugh, JJ.

Yeager, J.

This is an action by James D. Conway, plaintiff and appellee, against the County of Adams, defendant and appellant, to recover $55.04 paid as taxes levied by the county assessor of Adams County on certain property for the year 1958. The plaintiff's position was that the tax was void for the reason that the property was not subject to tax in the State of Nebraska. He paid the tax and in due course made claim for refund. Refund was denied whereupon this action was instituted. There was a trial to the court on a stipulation of facts, which has been preserved as a bill of exceptions. At the conclusion of the trial judgment was rendered in favor

of the plaintiff and against the defendant. From this judgment the defendant has appealed.

It is apparent from the record that on and prior to December 1, 1955, Deerfield Gas Production Company, a Delaware corporation, and Kearney Gas Production Company, a Delaware corporation, were engaged in the production and sale of natural gas and the development and operation of certain oil and gas leases covering lands located in what was known as the Hugoton Field in the State of Kansas. Apparently on December 1, 1955, these two companies transferred all of their interest to another company known as Kansas-Nebraska Natural Gas Company, Inc., except that they retained a share of a certain gas production payment. This share of the gas production payment was conveyed in trust to The Central National Bank and Trust Company of Topeka, Kansas. This was in amount 6 cents a thousand cubic feet of gas produced in the area. Thus it appears that Kansas-Nebraska Natural Gas Company, Inc., became obligated to pay the Deerfield Gas Production Company and the Kearney Gas Production Company 6 cents a thousand cubic feet of gas produced. In turn the right to receive the payments was conveyed to the trustee. The placement in trust was for the purpose of sale of that which was reserved. It is reasonably inferable that the proceeds of sale, after expenses, went to Deerfield Gas Production Company and Kearney Gas Production Company.

To carry out the purposes of the trust, that is the disposition by sale of this 6 percent interest in gas production payments, the interest was divided into 935,999 separate and undivided units.

The plaintiff, a resident of Adams County, Nebraska, was on March 1, 1958, the owner of 1,529 of these units and was entitled in the proportion that these units bore to the total of 935,999 to participate in the 6 percent interest in the gas production payments.

The tax involved here was on these units. The amount

is not in controversy and it is not questioned that the units were held by the plaintiff in Adams County, Nebraska. The question for determination is that of whether or not the units were an interest in real estate in the State of Kansas. The district court held that they were and on that ground held them not taxable in the State of Nebraska. The defendant contends otherwise, hence the appeal to this court.

The factual description and legal status of the property on which the tax was assessed and levied must be ascertained from the contents of what is denominated "Trust Indenture Hugoton Gas Trust," which is in the bill of exceptions, together with appropriate inferences and applicable legal principles. In this respect the parties are in accord. This instrument will be referred to as the indenture.

If interests of the owners of the units are to depend upon the description thereof contained in the indenture which was creative of those interests, it must follow that these units were personal property and not interests in real estate. This matter has not been considered by the parties in their briefs but it is of such significance under law that it may not with propriety be disregarded.

In Article IV of the indenture the instruments of conveyance of the units are denominated "Certificates of Beneficial Interest." Section 2 of the article contains the following which is declaratory of the status of these units of interest in the trust: "Said Certificates are and shall be held and construed to be in all respects personal property and shall in no wise pass to or, vest in any owner or holder thereof or his heirs, devisees or assignees thereof as real estate and said Certificates shall be bequeathed, assigned, disposed of and distributed as personal estate."

The cardinal rule applicable to the construction of a written instrument creating a trust is to determine the intent of the settlor and to give effect thereto if

it is not in conflict with law. County of Holt v. Gallagher, 156 Neb. 457, 56 N. W. 2d 621. See, also, Roats v. Roats, 128 Neb. 194, 258 N. W. 264; Scully v. Scully, 162 Neb. 368, 76 N. W. 2d 239. There is nothing in the record to indicate that the expressed intent contained in the indenture is in conflict with law.

In the case of County of Holt v. Gallagher, *supra,* it is pointed out that rules of construction of trusts are intended for use in doubtful cases when language used is not clear, but these rules have no application when, as in this case, the language used clearly expresses the settlor's intent.

In instances where the instrument creating the trust declares the character of the trust estate, that is, if it is declared to be personal property, and does not conflict with law, the declared intent has binding force and effect. The general rule is stated in 90 C. J. S., Trusts, § 186 (a), p. 79, as follows: "Whether the interest of a beneficiary is an interest in real property or in personal property depends on the provisions of the trust instrument. * * * The interest of beneficiaries who have, under the terms of the trust agreement, no right, title, or interest in the realty as such, either legal or equitable, but only an interest in the earnings and proceeds with power to direct the trustee to deal with the title and manage and control the property, and the right to receive proceeds from rentals, which right is to be deemed personal property, is personal property only and not real estate." See, also, Smith v. Bank of America Nat. Trust & Savings Assn., 14 Cal. App. 2d 78, 57 P. 2d 1363; Wright v. Security-First Nat. Bank, 35 Cal. App. 2d 264, 95 P. 2d 194; Ephraim v. Metropolitan Trust Co., 28 Cal. 2d 824, 172 P. 2d 501; Liberty Nat. Bank v. Kosterlitz, 329 Ill. App. 244, 67 N. E. 2d 876.

In the light of this it becomes clear that it became and was the duty of the district court to accept the clearly declared intent contained in the indenture, which was that the units of interest were personal property and not

real property. As personal property they were taxable in Adams County, Nebraska.

The rules applicable to situations where there is doubt as to the meaning of description contained in instruments creating trusts, which rules were presented by the briefs, were entitled to no consideration.

Accordingly the judgment of the district court is reversed and the cause remanded with directions to render judgment in favor of the defendant and against the plaintiff.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.

ELLWOOD B. CHAPPELL and PAUL E. BOSLAUGH, JJ., not participating.