MAURINE COFER, CONSERVATOR FOR ARTHUR M. QUALLEY, A SINGLE MAN, APPELLEE, V. WILLADEAN PERKINS, A SINGLE WOMAN, APPELLANT.

258 N. W. 2d 807

Filed October 26, 1977. No. 41158.

Gregory J. Beal of Beal & Jensen, for appellant.

Murphy, Pederson & Piccolo and LeRoy Anderson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an action brought by a conservator to partition property held by her ward in joint tenancy with the defendant. The defendant brings this appeal from the judgment of the District Court for the County of Lincoln ordering the partition.

Defendant's principal assignments of error concern the District Court's granting of the partition solely upon the conservator's petition without obtaining a license from the county court to bring the action. The defendant also contends that the District Court erred in not finding that at least one of the statutorily recognized justifications for a sale of the ward's real estate existed before granting partition. Due to the related nature of these issues, they will be discussed and decided together.

Under the Nebraska Probate Code, a conservator may bring a partition action and may do so without first securing a license. Section 30-2653, R. R. S. 1943, provides: "(c) A conservator * * * may act without court authorization or confirmation to * * * (7) * * * manage, develop, improve, exchange, *partition,* change the character of, or abandon an estate asset." (Emphasis supplied.) However, the deci-

sion of the District Court on September 17, 1976, was prior to January 1, 1977, the operative date of section 30-2653, R. R. S. 1943.

Under prior law, a conservator had the authority to bring a partition action. Section 25-2170.01, R. R. S. 1943, provides that a "joint owner of any real estate * * * may compel a partition thereof * * *."

Section 38-903, R. R. S. 1943, provided: "Every conservator shall give bond as provided in section 38-110, and all provisions of law for the managing of estates as provided in articles 5, 6, and 7, Chapter 38, and the sale of real estate as provided in article 6, Chapter 38, shall apply to such conservator."

Thus, the statutory enactments concerning the rights and duties of guardians also apply to a conservator. Section 38-502, R. R. S. 1943, provided that a guardian shall appear and represent his ward in all legal suits and proceedings. Section 38-503, R. R. S. 1943, stated that a guardian may sell a ward's real estate after obtaining a license to do so.

A license is not a condition precedent to a conservator's right to bring a partition action. In Windle v. Kelly, 135 Neb. 143, 280 N. W. 445, this court held that partition, if well-founded, is an absolute right, and a license to bring a suit is unnecessary. The facts and evidence of Windle establish that the partition action was well-founded. The necessity of partition to provide income for the support of the ward satisfied this court that the partition was warranted.

There is no evidence as to the needs of the ward on which we might resolve the issue. However, the basis of a well-founded partition action by a conservator may be judged by other criteria. The hearing before the District Court in a partition action by a conservator serves essentially the same purpose as that of a petition of a guardian in the county court to obtain a license to sell a ward's property. Since the direct result of a partition may be a sale under sections 25-2179 to 25-2183, R. R. S. 1943, a partition ac-

tion should require a showing of necessity similar to that required in a real estate sale action. The Windle court's rationale, although not so expressly stated, appears to have some basis in the fact that there was present one of the reasons found in former section 38-601, R. R. S. 1943, for which a guardian or conservator could seek a license to sell real estate.

Applying this license to sell analogy, an action in partition by a conservator is well-founded if there is evidence present that the action was brought for a reason stated in former section 38-601, R. R. S. 1943. Section 38-601 stated a guardian may seek a license for the ward's needs or when improvements on the said real estate of the ward are not in use and are deteriorating in value to the injury of the ward's estate.

There is evidence in the record that the land in issue is deteriorating and not realizing its income potential. While the sole source of such evidence is the plaintiff's testimony, defendant offered no evidence to dispute such testimony.

An action for partition is triable de novo on the record in the Supreme Court. Frankenberger v. Holm, 154 Neb. 80, 46 N. W. 2d 901; § 25-1925, R. R. S. 1943. On the record we have the undisputed testimony of the plaintiff as to the deteriorating condition of the land. On appeal in equity cases, the Supreme Court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying. Riggs v. Hroch, 133 Neb. 260, 274 N. W. 598. On consideration of the record and with the deference we accord the trial court, we uphold the District Court's order of partition.

The defendant further assigns as error the failure of the District Court to qualify its judgment in line with the rule of law enunciated in Arthur v. Arthur, 115 Neb. 781, 215 N. W. 117, with respect to the incidents of joint tenancy of real estate. We assume the

rule is the language of the court which stated: "When a joint tenancy exists, each joint tenant is entitled to a partition of the estate that continues during the life of all the tenants, and if there are but two joint tenants, on the death of one, the entire estate goes to the survivor." The result of such a rule would be that, following partition, each of the joint tenants would take a one-half interest as tenants in common in the real estate with a remainder contingent on survivorship. This is an incorrect rule. Joint tenancy may be terminated or severed by any act which destroys one or more of its unities, and may also be severed by the act of joint tenants in destroying unity of possession, as by partition. Stiff v. Stiff, 184 Neb. 432, 168 N. W. 2d 273. A joint tenant's act which destroys one or more of the coexistent unities necessary to existence of joint tenancy operates as severance of the joint tenancy and extinguishes the right of survivorship. Whiteside v. Whiteside, 159 Neb. 362, 67 N. W. 2d 141. To the extent the statement in Arthur v. Arthur, *supra,* is inconsistent with the above statements, it is overruled.

Defendant also assigns as error certain evidentiary rulings of the District Court. These errors are merely assigned without being discussed. Generally, a case in the Supreme Court on appeal will be limited to errors assigned and discussed and an assignment of error not discussed will be considered waived. Rule 8 a 2 (3), Revised Rules of the Supreme Court, 1974; Johnson v. Richards, 155 Neb. 552, 52 N. W. 2d 737.

The judgment of the District Court is affirmed.

AFFIRMED.