WALTER L. MALCOM, APPELLEE, V.
FLORENCE WHITE ET AL., APPELLEES,
FLORENCE V. MALCOM, APPELLANT.

316 N.W.2d 752

Filed March 5, 1982. No. 43715.

Olds, Swarts & Ensz for appellant.

Patrick G. Rogers, Paul R. Robinson, and Donald A. Fitch for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

The plaintiff, Walter L. Malcom, brought this action to partition real estate in which he is the owner of an undivided one-fourth interest. Defendants Florence White, Ralph M. Malcom, and the heirs of Arthur R. Malcom also own an undivided one-fourth interest in the real estate in question. Florence V. Malcom, surviving spouse of Arthur R. Malcom, claimed a homestead interest in the real estate to be partitioned and alleged that the real estate was not subject to partition. The trial court determined the respective interests and entered a decree of partition. Florence V. Malcom appeals. We affirm.

There is no dispute as to the amount of real estate or the legal description of the same. William Hayes Malcom was the owner of the real estate in question and

the father of the litigants. William Hayes Malcom died intestate on August 27, 1936. The heirs of William Hayes Malcom were his wife, Inez Louisa Malcom, and their four children, Florence White, Arthur R. Malcom, Walter L. Malcom, and Ralph M. Malcom. After his death, the county court entered a decree finding that Inez Louisa Malcom had a homestead interest and life estate in the real estate, as well as an undivided one-third remainder interest. The remaining two-thirds interest in the real estate descended to each of the four children equally.

Inez Louisa Malcom died intestate on January 21, 1948. She was survived by the four children. After her death, the county court entered a decree finding that her undivided one-third interest descended to the four children equally.

Arthur R. Malcom and his wife, Florence V. Malcom, appellant herein, resided on the real estate from 1946 until the time of his death. On July 16, 1978, Arthur R. Malcom died and Florence, the surviving spouse, continued to reside on the real estate. Walter L. Malcom filed a partition suit and Florence V. Malcom asserted a homestead interest in the whole real estate and alleged that it therefore could not be partitioned. The trial court entered a decree of partition.

An action for partition is triable de novo on the record in the Supreme Court. *Cofer v. Perkins*, 199 Neb. 327, 258 N.W.2d 807 (1977). The record reflects that Arthur R. Malcom and Florence V. Malcom occupied the real estate as their home and were in possession from 1946 until the time of his death. However, the record is deplete of any evidence of an agreement between the cotenants giving Arthur or Florence a life estate in the property or the right to reside thereon permanently. This court has decided the question of when real estate may be partitioned on several occasions.

In *Windle v. Kelly*, 135 Neb. 143, 146, 280 N.W. 445, 447 (1938), this court said, "One of several tenants in common has an absolute right to a partition of their

real estate, in absence of an agreement to, or other impediments to, the contrary."

In *Yunghans v. O'Toole*, 199 Neb. 317, 321, 258 N.W.2d 810, 813 (1977), we said, "Once joint title in real estate has been established, partition may be had as a matter of law."

We are unwilling to accept appellant's argument that her possession is tantamount to a life estate. Her homestead interest is only in her deceased husband's undivided one-fourth interest in the real estate.

The decree of partition by the District Court is hereby affirmed, and this matter is to be remanded to the District Court of Dixon County, Nebraska, for further proceedings pursuant to the decree of partition as entered by the District Court.

AFFIRMED AND REMANDED WITH DIRECTIONS.