KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an appeal from a decree of dissolution of marriage.

The court, having reviewed the record in this case de novo, agrees with the result reached by the trial court. The judgment is affirmed. Appellee is allowed the sum of $750 for the services of her attorney in this court.

AFFIRMED.

GURTHA LOUISE NOELL, APPELLANT, V. JACK DALE NOELL, APPELLEE.

335 N.W.2d 303

Filed June 17, 1983. No. 82-276.

James T. Gleason of Swarr, May, Smith, Andersen & Jensen, for appellant.

Robert G. Decker, for appellee.

McCOWN, HASTINGS, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

McCOWN, J.

This is a proceeding in equity for the reformation

of a deed to a tract of real estate in Sarpy County, Nebraska, and, in the alternative, for partition of the real estate described in the deed. The District Court dismissed plaintiff's cause of action for reformation of the deed, found that the plaintiff and defendant each owned an undivided one-half interest in the real estate, and ordered partition accordingly. The plaintiff has appealed.

The plaintiff, Gurtha Louise Noell, and the defendant, Jack Dale Noell, were married on May 26, 1948. A few months later Gurtha's father, Louis Armbrust, died intestate. At the time of his death he was the owner of the quarter section of land involved here, together with two other parcels of real estate.

The final decree in the estate of Louis Armbrust assigned the real estate one-third to Gurtha S. Armbrust, widow of the decedent; two-ninths to the plaintiff; two-ninths to plaintiff's brother, Sturgeon J. Armbrust; and two-ninths to the plaintiff's sister, Emma Belle Dodson. Thereafter, the widow and her children and their spouses agreed to trade and exchange the various undivided interests of the widow and the three children so that each child would receive one parcel of land in individual ownership rather than an undivided interest in all the real estate parcels. Inequities in the value of the three parcels and the widow's interest in them were settled by cash payments, and deeds were drawn up so that each of the three children would receive one of the three parcels of land.

On August 4, 1949, the deed to the property involved in this proceeding was executed by Gurtha S. Armbrust, the widow of Louis Armbrust, Sturgeon J. Armbrust and LaVada M. Armbrust, his wife, and Emma Belle Dodson and Leo H. Dodson, her husband, conveying to Gurtha Louise Noell and Jack D. Noell, wife and husband, as joint tenants with right of survivorship. The deed described the quarter section of land involved in this proceeding. At approximately the same time the plaintiff and defend-

ant, as wife and husband, joined with the other heirs and their spouses in conveying the remaining two parcels to the other two children and their spouses.

After the 1949 deed was executed the plaintiff and defendant lived on the property involved here until 1956. Some improvements were added and the property has been mortgaged from time to time. Plaintiff and defendant moved off the property in 1956, and since then the property involved here has been rented.

In 1980 a proceeding for dissolution of the marriage between plaintiff and defendant was commenced in the State of Texas. On January 9, 1981, plaintiff filed her petition in this proceeding, seeking to reform the deed of August 4, 1949, to reflect an intention to vest title to the property in the plaintiff individually, rather than in the plaintiff and defendant as joint tenants. In the alternative plaintiff prayed for partition of the real estate. The defendant cross-petitioned for partition on the basis of an undivided one-half interest each.

Trial was had to the court on March 29, 1982. At the conclusion of all the evidence the court dismissed plaintiff's cause of action for reformation, fixed the shares of plaintiff and defendant as an undivided one-half interest each, and ordered partition accordingly. Plaintiff has appealed.

The plaintiff contends that the 1949 deed naming plaintiff and defendant as joint tenants with right of survivorship should be reformed to convey the interests of the grantors to her individually, on the ground of mistake. The plaintiff asserts that the deed represented her aggregated inheritance and that the parties intended that she be the sole owner.

In order to warrant the reformation of a written instrument in any material respect, the evidence must be clear, convincing, and satisfactory; and until overcome by such proof, the terms of the instrument must stand as evidencing the intention of the

parties. *Schweitz v. State Farm Fire & Cas. Co.*, 190 Neb. 400, 208 N.W.2d 664 (1973).

In the case at bar the plaintiff's sister, one of the grantors, testified that the parties intended to transfer title to the real estate involved here to the plaintiff and the plaintiff's husband. The plaintiff herself admitted that she was aware that her husband was to be named as a grantee on the deed and that she accepted the deed as it was. The plaintiff's sister-in-law also testified that she was named as a joint tenant with her husband in one of the deeds executed at the same time as the deed to the plaintiff and her husband.

There is simply no evidence anywhere in the record that any of the parties to the deed of August 4, 1949, were acting under any mistake or intended to execute a deed different than that which they executed. The trial court was correct in dismissing the claim for reformation of the deed.

An action for partition is triable de novo on the record in the Supreme Court. *Malcom v. White*, 210 Neb. 724, 316 N.W.2d 752 (1982).

In the case at bar the plaintiff acquired an undivided two-ninths interest in the quarter section involved here by inheritance from her father prior to the execution of the deed of August 4, 1949. Where an ancestor dies intestate his lands descend instantly to his heirs. It does not require settlement of his estate or a probate order declaring heirship to vest his title. See *Evans v. Evans*, 199 Neb. 480, 260 N.W.2d 188 (1977).

The grantors in the 1949 deed did not and could not convey to plaintiff and defendant the two-ninths interest which plaintiff already owned individually. The grantors in the 1949 deed could and did convey to plaintiff and defendant as joint tenants a seven-ninths interest in the property. Under that deed and on the facts reflected in this record, the plaintiff acquired an undivided seven-eighteenths interest and the defendant acquired an undivided seven-

eighteenths interest in the property by virtue of the deed.

The plaintiff previously owned an undivided four-eighteenths interest, and her present interest is therefore eleven-eighteenths and the defendant's interest is seven-eighteenths. The shares of the parties are confirmed in those proportions and partition should be made accordingly. As so modified the judgment of the District Court is affirmed.

AFFIRMED AS MODIFIED.