JOHN A. WAHRMAN, APPELLEE, V. JOE WAHRMAN, APPELLEE, RAYMOND WAHRMAN, APPELLANT, AND HAROLD WAHRMAN, APPELLEE.

502 N.W.2d 95

Filed July 2, 1993.    No. S-91-303.

Arlan G. Wine for appellant.

Maurice A. Green, of Burger, Bennett & Green, P.C., for appellee John A. Wahrman.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

WHITE, J.

In 1980, Mary Wahrman, mother of appellees John A., Joe, and Harold Wahrman and appellant Raymond Wahrman, executed an instrument called a "Declaration of Trust" (declaration), which provided that certain real and personal property owned by her was to be held in trust for the benefit of her four sons. This appeal involves a dispute over the ownership of a parcel of land located in Red Willow County, Nebraska, which Mary Wahrman had included in the trust. The other real property placed in the trust is located in Rawlins County, Kansas. The declaration designated Mary Wahrman as the trustee and her four sons as the beneficiaries of the revocable trust. The declaration further provided that upon Mary Wahrman's death the successor trustees, Joe and Raymond Wahrman, were to transfer the trust property to the beneficiaries and thereby terminate the trust. Each beneficiary was given an equal share in the trust property.

Mary Wahrman died in February 1985 while residing in Rawlins County, Kansas. On January 13, 1988, John Wahrman instituted an action in the district court for Rawlins County for a determination of descent of the property belonging to Mary Wahrman at the time of her death and for partition of the real property which passed to her heirs through intestate succession. Raymond, Joe, and Harold Wahrman were named defendants.

Before the Kansas court rendered its decision, Raymond and Joe Wahrman, in an attempt to transfer their mother's real property as provided by the declaration, executed trustee's deeds conveying the land from the trust to the brothers. Raymond Wahrman received all of the land located in Red Willow County, Nebraska, along with a parcel of Kansas land. The other brothers were deeded only Kansas land.

Raymond Wahrman filed a motion for court approval of the trustee's deeds. The Kansas court declared the trustee's deeds and the trust void. In addition, the court found that because

Mary Wahrman's four sons were her sole surviving heirs, each son owned an undivided one-quarter interest in her estate, which included the Kansas and Nebraska land placed in the trust.

On appeal, the Kansas Court of Appeals stated that the trial court was correct in finding the trust void. The court of appeals affirmed the district court's determination on the descent of Mary Wahrman's property and the ownership of the Kansas property.

Thereafter, John Wahrman filed an action in the district court for Red Willow County, Nebraska, to quiet title to and partition a parcel of land located in that county which had been included in the declaration. Raymond, Joe, and Harold Wahrman were again named defendants. John Wahrman asserted that, as illustrated by the Kansas court's decision, each of the brothers own an undivided one-quarter share in the Red Willow County land. Raymond Wahrman timely filed an answer to the plaintiff's petition in which he asserted that the trustee's deed conveying the Nebraska land to him was valid and that, therefore, he was the sole owner. The plaintiff moved for summary judgment, asking the trial court to grant full faith and credit to the Kansas court's determination that the trust and trustee's deeds were void. The plaintiff's motion was denied, and the case proceeded to trial.

The trial court found that the plaintiff and each defendant own an undivided one-quarter interest in the Red Willow County land and ordered partition of the property. In its final decree, the trial court stated that the Kansas court's decision "may be considered by this Court" and that the trustees' authority, if any, ended upon the death of Mary Wahrman. The court also indicated that with regard to the trustees' authority, "no authority exists for a transfer in kind and particularly the transfer such as is involved in this case."

Appellant-defendant, Raymond Wahrman, appeals the district court's decision, assigning as error (1) the trial court's determination that the plaintiff and defendants each own an undivided one-quarter share in the subject property and (2) the trial court's finding that the authority of the trustees ended upon the death of Mary Wahrman.

This appeal arose out of an action in equity to quiet title to and partition a parcel of land. Our review of such an appeal is de novo. *Mack v. Luebben*, 215 Neb. 832, 341 N.W.2d 335 (1983) (review of a quiet title action is de novo); *Malcom v. White*, 210 Neb. 724, 316 N.W.2d 752 (1982) (review of a partition action is de novo).

The appellant's assignments of error can be disposed of by addressing one issue: Whether the trustee's deed which transferred the Red Willow County land from the trust to Raymond Wahrman constitutes a valid conveyance so as to vest sole ownership of the land in him. We find that Raymond and Joe Wahrman exceeded the authority given them as successor trustees by conveying the Red Willow County land solely to Raymond Wahrman. Therefore, the deed was not a valid conveyance. We affirm the trial court's determination that each of the four brothers owns an undivided one-quarter interest in the subject land.

Before we discuss that issue, it should be noted that if the Mary Wahrman trust is invalid, it logically follows that any trustee deed arising from the trust also is invalid. Even assuming that Mary Wahrman's declaration established a valid trust, there appears to have been significant alterations to the terms of the document after its execution which are evident upon an examination of the declaration. These alterations were made by typing between the original printed words of the document. For example, the following emphasized sections indicate the alterations made to paragraphs 1 and 4:

1. For the use and benefit of the following four (4) persons, in equal shares, per stirpes:

Joseph Wahrman, (my son)
John Wahrman, (my son)
Raymond Wahrman, (my son)
Harold Wahrman, (my son)

Upon my death . . . my Successor Trustee*is* [sic] hereby directed forthwith to transfer said property . . . unto the beneficiaries . . . . *Or Fair exixtence,* [sic][.]

. . . .

4. In the event of my death or legal incapacity, I hereby nominate and appoint as Successor Trustee*s* hereunder the

beneficiary first above-named. *Joseph Wahrman and Raymond Wahrman Co. Trustees.*
(Emphasis supplied.)

The beneficiary "first above-named" is Joseph Wahrman. It appears as though someone was attempting to change the number of appointed successor trustees and include Raymond Wahrman as one of those trustees. However, nowhere on the document or in the record is it indicated that Mary Wahrman authorized this alteration. Furthermore, there is no logical interpretation of the words "Or Fair exixtence [sic]" which were added to the end of paragraph 1.

Notwithstanding the apparent alterations to the declaration, Joe and Raymond, as successor trustees, did not have the authority under the trust to deed an entire parcel of land to just one beneficiary. The rules of construction for interpreting a trust are applied when the language of a trust is not clear; but if the language clearly expresses the settlor's intent, the rules have no application. *Karpf v. Karpf*, 240 Neb. 302, 481 N.W.2d 891 (1992), citing *Conway v. County of Adams*, 171 Neb. 677, 107 N.W.2d 418 (1961). In this case, because the trust instrument appears to have been altered after its execution, we will apply the primary rule of construction in determining the extent of the trustees' authority under the trust.

The primary rule of construction of a trust instrument is that the court must, if possible, ascertain the intention of the creator of the trust. *Karpf v. Karpf, supra*, citing *Wood v. Lincoln General Hospital Assn.*, 205 Neb. 576, 288 N.W.2d 735 (1980). The trust in this case provides that upon Mary Wahrman's death the "Successor Trusteesis [sic] hereby directed forthwith to transfer said property . . . unto the beneficiaries absolutely and thereby terminate this trust." The four beneficiaries (John, Raymond, Joe, and Harold Wahrman) were given an equal share in all the trust property. The declaration merely directed the successor trustees to deed each parcel of land in the trust to the beneficiaries in undivided one-quarter shares. The successor trustees were not authorized to choose which beneficiary would be the sole owner of a certain parcel of land and then deed that parcel accordingly. As a general rule, the authority of a trustee is governed not only by the trust

instrument, but also by statutes and common-law rules pertaining to trusts and trustees. 90 C.J.S. *Trusts* § 246 (1955). The appellant fails to show, and we do not find, that the laws of this state authorized the successor trustees to divide the trust property in the manner set out in the trustee's deeds.

Since Raymond and Joseph Wahrman also are beneficiaries of the trust, there may be an issue as to whether their division of the trust property constituted self-dealing or a breach of the fiduciary duty owed by a trustee. However, we need not address this issue, as it was not presented to us for review.

The declaration clearly provided that upon Mary Wahrman's death the successor trustees were to transfer the property "forthwith" and that after such transfer, the trust would terminate. Raymond and Joseph Wahrman failed to transfer the trust real property "forthwith," which is evidenced by the fact that they did not execute the trustee's deeds until 3 years after Mary Wahrman's death.

Since this action is one in equity, we invoke the well-established maxim that equity considers that done which ought to be done. See *In re Estate of Wiley*, 150 Neb. 898, 36 N.W.2d 483 (1949). The language of the trust is clear. Mary Wahrman intended that upon her death the trust would terminate and that each of her four sons would receive an equal share of the trust property. The declaration did not expressly or impliedly authorize the successor trustees to divide the trust property as set out by the trustee's deeds. Considering done that which ought to be done, this court finds that the purported trust and the successor trustees' authority terminated upon Mary Wahrman's death. Any authority the successor trustees may have received under the trust for the purpose of winding up the trust did not include the power to divide the property in the manner set out in the trustee's deeds. The Red Willow County land is held by the plaintiff and defendants in undivided one-quarter shares.

We affirm the decision of the district court confirming title of the Red Willow County land to be held by each party in undivided one-quarter shares and ordering partition of said property.

AFFIRMED.

LANPHIER, J., participating on briefs.